Judge Marshall
delivered; the Opinion of the Court.
On the. trial of this case* the plaintiff, in support of his cause of action* offered to prove, by a witness present in Court* th,p evidence which had formerly been given on the, trial of the same case before arbitrators, by a witness since dead; and the only question which need npwbe.considered, is, whether the Co.urt decided correctly in rejecting the offered proof.
It appears that the suit* some short time after its, institution, had been referred, by agreement of the parties and an order of the Court, to the decision of arbitrators named in the opd.er;; but that, without any award made, it was afterwards brought back into. Court for trial. It was,. however* admitted that the arbitrators had a sitting,^ such* for the trial of this'casp while it was under reference-to them; that both parties, or their attorneys, were present, and that th.e deceased witness then, gave testimony for the plaintiff, and was cross-examined, by the defendant’s attorney, by whom the proof of his states Uienfs was. offered to, be made on. the trial in. Court. But, the witness said* he djd not recollect whether the arbi-. trators were sworn on; th.e occasion, alluded, to; and it is. Understood, that the proof of what the-deceased witness, had then said, was rejected because it did not sufficiently appear that- the arbitrators were in fact sworn. Indeed, this appears to us to. be. the only plausible ground of objection,to, the testimony. .For if it be admitted, that the arbitrators were sworn, and proceeded regularly to the investigation, of the case, un.der th,e order of refer-. ence, when both, parties were present, or hadan oppor- . _ , . L f . 1 r tumty of being present, with thp privilege of cross ox-. *533 pmination; it cannot be doubted, that the testimony then taken, is as much evidence between the parties as if it had been taken before a court and jury; and that, in case of the subsequent death of a witness, his statements made before either tribunal, may be given in evidence, upon another trial between the same parties, and in relation to the same matter.
Where proof is offered of evidence given by a, witness who is. since dead, the record (if any) of the case in which he was examined,should be produced, to show that the proceeding was judicial, and the oath binding, but where it was not matter of record, but era pais (as an arbitration) this rule cannot apply.
Those things that ' areofrecordmusli be proved by the record; but matters cnpais, not. of record, are to be proved by evidence — posi-. tive or circumstantial.
The real ground upon which this secondary grade of evidence is ordinarily admissible, is, that the statement of the deceased witness was evidence between the parties when made; and the best evidence viz: the oral statement of the witness in person, being unattainable, that which was formerly stated by him, under circumstances which made it then evidence, is allowed to be transmitted, for the benefit of either party, through the recollection and by the statement of witnesses who heard him depose. As the statement when originally made, would not have been evidence at the time, unless regularly made in some legal proceeding, inter parles and of a judicial character, and as such proceedings are usually matters of record, and therefore to be proved only by the record, it has been commonly said, that the record of the former proceeding must be produced, in order to lay the proper foundation for admitting evidence of the testimony given in that proceeding. But where the proceeding is not, and need not be, matter of record, but is a mere matter era pais, this requisition is clearly inapplicable, and the fact that, the proceeding actually took place, may b.e proved, like, other facts, by parol, whenever it becomes material.
And so it is with respect to any of those facts on which the authority of the tribunal and the character of the proceeding depend. Such of them as are, or ought tobe, matters of record, must be proved by the record; but such as are mere matters era pais, and not required to be recorded, and of course not required to be proved by the record, but are proveable, like other similar facts, by evidence — positive or circumstantial. There is no question in the present case, as to any of thes'e facts, except the single one of the arbitrators having been sworn before they proceeded to the investigation of the. *534 matter submitted to them. And excluding all supposition of a waiver of the oath by consent, and all question as to the effect of such a waiver if it had taken place, the enquiry is, by what character of evidence the fact of the oath having been taken, may be proved, and whether there is, in this case, sufficient proof of the fact.
upon, “its face’, that the arbitrators were sworn; an omission of (a^wouUbethe omission of any sho^Xeh^authority) is fatal; inTootter'wayí But for some where the en'qmry is, whether the statements made before arbitrators, by a deceased witness, were made unnfinisiered1^ by competent autbawjüy' were duly sworn, may evidence XiwIiZ de,:tt d*10'11 ^l*3’ award, or when madeWar<1 WaS An award, to be mi I ill i» net etuta
We are aware that an award actually returned, must state upon its face that the arbitrators were sworn, and that, upon question whether the award is valid or not, 71 1 . . the absence of such a statement is-a fatal defedt, which cannot supplied by the most direct and certain evidence of the fact that they were sworn. But this is because it is requisite to the. validity of the award, that it should show the facts which are essential to the au~ thority of the arbitrators, and to its own authenticity. The question in iss-ue in such a case, is not whether the fact-actually existed, but whether it is stated in the award, and upon this issue, the award itself is of course the ; -■> • t - „ only admissible evidence. But it by no means follows, even. when there has been an award, that its statement, , * or its omission to state, that the arbitrators were sworn, ^ admissible at all, is the only evidence of the existence, or non-existence, of the fact, upon any issue in which it is material to enquire whether they were in truth sworn. If an award stating the fact, is made the judgment of the Court, the fact itself as it might have been disproved» may perhaps be considered as included in the judgment, and may thus be made a matter of record not to <luesti°ned by the parties. But as the omission of the statement in the award furnishes no proof of the non-existence of the fact, neither can the rejection of the award, on account of the omission, furnish any such proof, because the fact, not being in issue, is not decided by the judgment. How then is the fact to be proved, in case it should ever become material? It is not a .matter of record, it is not even required to be certified in writing, it is a mere matter en pais, and if it can be proved at all, it is to be proved like other matters en pais, by parol or written evidence, direct or circumstantial. '
It appeared by the record, that a case was referred to arbitrators; that they met, and, both parties present,made some progress in the trial; but there was no award, or other proof that they were sworn:— held that, the presumption is, that they were duly qualified,and that what was Stated: before them, by a witness since deceased, might be proved,on another trial, between the same parties, in relation to the same matters.
The same must be the case where the arbitrators, although they proceeded to some extent in the investigation of the matter referred to them, have never made an award. If, for any purpose, the legality of that proceeding and its effect become a material subject of enquiry, the facts upon which its legality and effect depend must become the subjects of evidence; and are to be proved, like other facts, by the record when they are matters of record, or by private writings, or parol, when these modes of evidence are appropriate, and by presumption from other facts wherever presumption is admissible.
In the present case, the order of reference to the arbitrators forms a part of' the proof constituting the basis of their authority; it was also proved or admitted, as before stated, that they had a sitting, as a ‘court of arbitrators,’ for the trial of the case, when the witness whose statement was offered to be proved, was sworn, and that he was examined on the part of the plaintiff, and cross examined by the defendant’s attorney, and it ■does no‘t appear that any objection was made by either party to the power of the arbitrators, or .the regularity of the proceeding. These facts are, in our opinion, sufficient to create the presumption, and, in the absence of all other evidence, to prove the fact that the arbitrators had been sworn, and were proceeding in the regular discharge of their duty. And we think that proof of the testimony delivered before them, under these circumstancesvby a witness since deceased, should have been admitted, on the subsequent trial of the same case, although, for some unexplained reason, the arbitrators made no award.
It was, therefore, erroneous to reject the offered proof on this subject; and for this error, the judgment is reversed, and the cause remanded for a new trial.