DOLLARHIDE *et al. v.* BD. OF COM. OF MUSCATINE CO.

The official certificate, or the testimony of the officer who administered the oath required by law to road viewers, is more authentic than the mere statement in the report of such viewers, that they had been duly sworn.

It will be presumed that a person in authority has done his duty until the contrary appears.

The acts of road viewers are not void, if they omit to state in their report, that they had been duly sworn; such a statement is not required.

ERROR, *to Muscatine District Court.*

*S. C. Hastings*, for the plaintiff in error.

*W. G. Woodward*, for the defendant.

*Opinion by* GREENE, J. This was a proceeding before the board of commissioners, of the county of Muscatine, relative to laying out and establishing a road. For the purpose of reversing the order of the commissioners, declaring a certain road to be established, an appeal was taken to the district court, where a motion made to dismiss the appeal was over-ruled, and a judgment of affirmance rendered.

By the bill of exceptions, it appears that the appellant offered to prove that the reviewers of the road in controversy were sworn according to the requirements of the statute; but the court decided no evidence admissible, but the report of the reviewers to the commissioners; and also that even if they were sworn according to law, but failed to report the fact, their acts would be null and void. We think this ruling of the court erroneous. Evidence of the fact, that the reviewers were sworn before entering upon the discharge of their duties, might come from a much more conclusive and reliable source than their own report. The certificate or testimony of the officer administering the oath would unquestionably be better and more reliable evidence in such a case, even if the reviewers had stated in their report, that they had been duly sworn. Such a statement might be regarded as *prima facie* evidence of the fact; but could by no means be considered as conclu-

sive. And even without such a statement the law would pre-sume, in the absence of proof, that they had qualified themselves for the duties assigned them by their appointment. The principle is well recognized, that when a person in authority is required to do a certain act, which could not be omitted without a neglect of duty, the performance of it will be presumed, unless the contrary is proved. *Hartwell* v. *Root*, 19 John. 345. *Mussey* v. *White*, 3 Greenl., 290. And in *Kelly* v. *Connell*, 3 Dana, 532, a case of arbitration, in which there was but little progress in the trial, and no award made or other proof, that the arbitrators were sworn; it was held that the presumption is, that they were duly qualified, and that what was testified before them by a witness, since deceased, might be proved on another trial, in relation to the same matter. If presumption of qualification is admissible under such circumstances, can its propriety be questioned in this case? The appointment of the reviewers, their decision as to the utility of the road, and their final report were complete; how much stronger then, and appropriate the presumption, that they took the requisite oath.

The court as evidently erred in deciding, that their acts were void, merely because the fact of their having been sworn was not announced in their report. By the statute they are only required to report " their opinion in favor, or against the establishment of the road, and their reasons for the same." *Rev. Stat.*, p. 521, § 5. They are not required to state that they had been duly sworn, nor is it usual for an officer or agent to make formal report of that fact. Such a thing being unrequired and unusual, it is difficult to conceive how the omission of it should operate to render other proceedings nugatory. *Williams* v. *Eldridge*, 1 Hill, 252. Having taken the requisite oath, their qualifications for action as viewers were complete ; and merely leaving out of their report the fact of their having been sworn, could not invalidate their proceedings. The judgment is therefore reversed, and the cause remanded.

Judgment reversed.