JUDGE HAKDIN
delivered the opinion of the court:
The appellant did not object, on the trial in the circuit court, to the. attempt on the part of the appellee to prove the general character of Nancy Hancock to be good; so far as the right to do so was concerned; the question involving such right, therefore, cannot be made an available objection to the judgment in this court. But the mode by which the appellee was permitted to prove certain facts conducing 'to sustain her character was objected to by the appellant, and the objection being overruled, the opinion of the court was properly excepted to, and is now complained of as a ground of reversal.
The testimony of the witness, Johnson Ballard, relating to the character of Nancy Hancock, as embodied in the bill of exceptions, is as follows:
“Witness has known Nancy Hancock by sight twelve of fourteen years; has known her and the family more intimately for four or five years past. Witness resides about three miles from plaintiff’s, and has resided at that distance for ten or twelve years. Witness is a Baptist preacher; never heard a disrespectful remark of Nancy before this occurrence.”
It further appears that the appellant, upon his objection to “this mode- of interrogation about character,” insisted that the witness should prove he knew the character of Nancy Hancock “ before he said what it was, by having heard it discussed among the neighbors generally;” but the court overruled the objection, remarking, “that when the witness was intimate with the person and her neighbors and associates, and had never heard anything against the person’s character, it *370 was competent evidence to go to the jury on the subject of character.”
The reason here assigned for the ruling of the court does not appear in the testimony of the witness. The witness does not profess to have been intimate with the neighbors and associates of Nancy Hancock.
In Greenleaf on Evidence (vol. 1, sec. 461), the principle is stated, that a witness testifying as to character “ must be able to state what is genercdly said of the person by those among whom he dwells, or with whom he is chiefly conversant; for it is this only that constitutes his general reputation or character.”
And this rule seems to have been recognized by this court in Mobley vs. Hewit (1 Marshall, 591), where it is said: “ The person interrogated should draw the inference of veracity, or the contrary, from his knowledge of the general character of the witness, and give that inference to the jury.”
In this case the witness, Ballard, not only fails to state what was the character of Nancy Hancock, but fails to show that he had any such knowledge of the opinion of her neighbors and acquaintances as to enable him to testify on the subject of her character, according to the well-established rule we have referred to. And, as the testimony admitted may have misled the jury, especially in connection Avith the opinion announced by the court in overruling the objection of the appellant, we are of the opinion that the ruling of the court was erroneous and fatal to the judgment.
As to the instructions given and refused, we perceive no essential error to the prejudice of the appellant.
But for the reason indicated the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.