Wilhoit vs. Hancock.

---

CASE 31—PETITION ORDINARY—SEPTEMBER 22.

# Wilhoit vs. Hancock.

#### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. A parent may maintain an action for the loss of service, consequent upon the seduction, debauching, and impregnation of his daughter, who still lived with him, as a member in his family, under his control, and labored without any specified compensation for service, though she was over twenty-one years of age.

2. The statute (*Revised Statutes*, sec. 3, art. 3, chap. 63, 2 *Stanton*, 128) providing that an action for seduction may be brought and sustained, without averment or proof of loss of service or expense, is cumulative, and does not repeal the common law remedy in behalf of the parent for loss of service and expense.

3. In an action under the statute for seduction, the limitation of one year begins to run from the act of seduction. ¿

4. In an action by the parent for loss of service and expense in consequence of the seduction of his daughter, the limitation of one year begins to run from her recovery, after the birth of the child.

5. In an action for seduction of his daughter, or for loss of service and expense, the injury to the father's feelings, and his and his family's dishonor, enter into the consideration of the jury in making up their verdict.

T. N. & D. W. LINDSEY,                    For Appellant,
                        CITED—

2 *Greenleaf on Ev.*, secs. 571, 577, 579, pp. 539, 540.
2 *Mar.*, 129 ; Applegate vs. Ruble.
*Phillips on Evidence*, part 5, pp. 218, 219.
*Revised Statutes*, 2 *Stanton*, 128.

CRADDOCK & TRABUE and
JOHN L. SCOTT,                    For Appellee.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was an action by the father, the appellee, for the loss of service consequent upon the seduction, debauching, and impregnation of his daughter, who still lived as a member in his family, under his control, and without any specified compensation for service, though she labored, and was over twenty-one years of age.

The suit was brought within one year from the birth of the child, but not from the act of seduction. The jury, on issue and evidence, found for plaintiff five thousand dollars in damages; and the court refusing to disturb it, and having adjudged accordingly, the defendant seeks at our hands a reversal.

The first serious question presented is as to the right of the father to recover for the seduction as incident to the loss of service, especially when the suit is not brought within a year from the act of seduction.

This case was before this court at its December term, 1864, on Hancock's appeal (see 1 *Duvall*, 313), when this court decided that an action founded upon the loss of service, the limitation did not begin to run until the loss of the service, and not, as was erroneously supposed by the lower court, from the act of seduction. It was again before this court, on Wilhoit's appeal, at its winter term, 1866 (1 *Bush*, 368), when this court reversed a verdict and judgment for five thousand dollars, because of improper evidence.

It is provided in section 2, chapter 1, 1 Stanton's Revised Statutes, 179, that " an action for seduction may be maintained, without any allegation or proof of the loss of service of the female, by reason of the wrongful act of the defendant."

By section 3, article 3, chapter 63, 2 Stanton's Revised Statutes, 128, it is provided, that " an action for an injury to the person of the plaintiff, or his wife, child, ward, apprentice, or servant; * * seduction, criminal conversation, or breach of promise of marriage, * * * shall be commenced within one year next after the cause of action accrued."

In Wheaton's Selwyn, by Wharton (4*th American, from the 7th London edition*, 2 *vol.*, *p.* 292), it is said : " This form of action is frequently adopted by a parent for the purpose of obtaining a compensation in damages for debauching his daughter and getting her with child. and the expenses attending the lying-in. As to the nature of the action, it has been solemnly decided that this is an action of trespass, and not trespass on the case ; and consequently, that a count for breaking and entering the plaintiff's dwelling-house, and debauching his daughter, whereby he lost her services, may be joined with a count omitting the trespass to the dwelling-house, and merely

stating that the defendant, with force and arms, debauched the plaintiff's daughter, *per quod servitium amisit.* It has been holden that this action may be maintained, although the daughter was of age at the time of the seduction. *But as the action is founded on the loss of service, that must be alleged in the declaration,* * * * and *evidence must* be given of the acts of service ; the slightest, however, will be sufficient."

Now, this loss of service and the expense are the very foundation for this action by the parent at common law; for the mere trespass of debauching and seducing a daughter, an action in her name, perhaps, could be maintained at law.

Our statute has not repealed the common law remedy in behalf of the parent, but has provided that an action for seduction may be brought and sustained, without averment or proof of loss of service or expense, which was wholly unknown to the common law, and, therefore, it might properly be designated a statutory remedy, and, as said by this court in this case, in 1 *Duvall,* cumulative.

As no suit at common law could be brought by the parent until loss of service accrued, and the extent of this loss, and the incidental expense, could not be ascertained until the daughter's recovery, it is most apparent that the perfect right of action did not accrue until the daughter's recovery; for this might be longer or shorter, involving greater or lesser loss of time and expense; hence the statute of limitations could not begin to run on the first attack of sickness, nor even the exact day of the child's birth, but from the mother's recovery.

As the action was brought within one year from the child's birth, there can be no doubt of the legal right to maintain it. The question then occurs as to the measure of damages which may legally be recovered.

Willhoit vs. Hancock.

At *page* 294, *same volume of Wheaton's Selwyn*, it is said : "Liberal damages are usually given in an action for seduction, and the courts are disinclined to grant new trials merely on the ground of excess in that respect. From a laudable desire, as I conceive, to suppress the vice of seduction, against which our Criminal Code has not provided any punishment, many eminent judges have thought it proper to direct juries, in ascertaining the amount of damages in this action, to have regard not merely to the injury sustained by the loss of service, a proper compensation for which might amount to a few pounds only, but also to the wounded feelings of the parent or party standing in *loco parentis.*

"In *Southernwood vs. Ramsden, Middx. Sittings, after H. T., 19th Feb.,* 1805, * * Lord Ellenborough, Chief Justice, in explaining the nature of this action, said that it was laid as a trespass, and was founded on the injury done the father by the loss of the service of the child; this was necessary to let in the case; but when this was established, *further damages might be conceded for the loss which the father sustained by being deprived of the society and comfort of his child, and the dishonor which he receives.*"

"Lord Eldon, Chief Justice, had expressed a similar opinion at Bristol Summer Assizes, 1800, in *Chambers vs. Irwin.*" So it was held in *Edmonson vs. Mathell,* 2 *T. R.,* 4.

In *Bartley vs. Rechtnyer* (4 *N. Y.,* 43), the Appellate Court of New York say: "It is obvious, from the nature of the case, that the master ought not, in point of principle, to recover anything more than a compensation for the pecuniary loss which he has sustained; and such was formerly the rule in this action, as it is still where the master sues for the battery of a servant. But it is now settled that a father may recover exemplary damages for the seduction of his daughter."

Wilboit vs. Hancock.

And *Mulvehall vs. Millward*, 11 *N. Y.*, 344, was a case where a minor daughter left her father's home and went to work with the defendant, who seduced and debauched her, after which she worked at other places before the birth of her child, which was born at a Mrs. Greenway's, where she was sick and unable to work for several weeks; but no evidence showing that her father took any care of or expended any money for her; yet the Appellate Court of New York affirmed a verdict and judgment for three thousand dollars, which the Supreme Court had also affirmed on appeal, because the parent had the legal right to the services; therefore, it was his legal loss, though the damages were exemplary.

Since the enactment of our statute, an action may be maintained for the seduction alone, before any loss of service occurs; and in such an action the statute of limitation would begin to run from the act of seduction; but for the loss of service and expense, the common law action does not accrue until the sickness deprives the father of the daughter's services, and until expense, if any is sued for, has been incurred; but when this action is brought, still the injury to the father's feelings and his and his family's dishonor, enter into the consideration of the jury in making up their verdict.

There were some questions on the evidence, and some irregularities are insisted on; but we discover none of an injurious character.

The question propounded to the witness, Nancy Hancock, on the birth of her child, whether some one present did not lay it to another man, and her reply, though objected to by the plaintiff's counsel, which was sustained by the court, the witness still answered by saying she had not heard it. The other alleged errors need not be noticed.

The American courts have gone even further than the British courts, in sustaining this action for seduction, by parents or those standing in *loco parentis ;* and our legislative enactment clearly indicates an extension or liberalization rather than a contraction of this remedy ; but even according to the English common law this action could be sustained, and the damages were authorized, which could not be impaired by a mere cumulative remedy.

Wherefore, the judgment is affirmed.