JUDGE PRYOR
delivered the opinion op the court.
The appellant, Henry Kean, was indicted' in the Jefferson Circuit Court, charged with murdering one Avery. He has been twice tried and found guilty as charged, and the case is in this court the second time for revision. A witness by the name of Maddox, who testified on the first trial, died before the second trial took place. His evidence was embodied in a bill of exceptions prepared in the court below and considered in this court on the first appeal. On the second trial of the case, the one now being considered, the statements purporting to have been made by Maddox as contained in the bill of evidence were permitted, against the objections of the accused, to be read as evidence to the jury. It is now urged by appellant’s counsel that the admission of this testimony was in violation of the twelfth section of the bill of rights, which provides that in all criminal prosecutions the accused hath the right to meet the witnesses face to face. The conviction of the accused in both instances was upon circumstantial testi *192 mony alone, and the learned judge selected to try the case in the court below, in overruling the motion for a new trial, delivered an able though not convincing argument in favor of the competency of the testimony admitted.' Many authorities are referred to in behalf of the state sustaining the right of the commonwealth to prove by other witnesses the statements of a deceased witness made under oath, in the same case and upon the same issue between the same parties. In this case Maddox had been once examined as a witness, and the whole current of authority is that in such a case those who were present and heard the statements of the deceased witness may testify as to what these statements were, if the witnesses so called are able to give the substance of all that was said by the dead witness when the latter testified. The requirement that the accused shall have the right to meet the witnesses face to face is thus complied with, and no constitutional right violated.
The question in this case is not whether the statements of a deceased witness on a former trial were competent, for this must be conceded, but has the accused been deprived of a constitutional right in permitting a written statement of what the deceased witness said to go to the jury. We think he-has, and that a witness or witnesses should .have' been called to prove these statements without reference to what was contained in. the bill of evidence. The evidence in a bill of exceptions may be read (when the witness is dead) in a civil action where a retrial has been ordered, but we have found no case where such testimony has been allowed in a criminal prosecution. The testimony of what a deceased witness stated is competent in either a civil action or criminal prosecution, but the mode of proving it is different. In a civil case either mode may bé adopted, but in a criminal prosecution the statements must be proved by living witnesses who speali from their own recollection of what the deceased witness said. These *193 witnesses are before tbe accused and the jury. The accused has the right to cross-examine-and to know or ascertain from the witness that he is detailing in substance all that was spoken by the deceased witness; without this he is deprived of any oral examination, or of even knowing who is to testify against him. It is the presence of the witness that this provision of the bill of rights entitles the accused to have. The competency of the testimony when offered is with the court, but the right of the accused to see or' confront the witness is an indispensable requirement.
In this case the evidence of the deceased witness was reduced to writing by one of the counsel for the accused from notes of the testimony taken by the judge presiding at the first trial. It is shown by this attorney that these notes were inaccurate. The judge is not called on to testify, or the right to cross-examine allowed in order that the accused may know how much of the testimony was omitted, or whether the attorney had embodied in the bill of evidence the substance of all the witness stated.
In this case others seem to have been charged with the commission of the crime in connection with the accused. His associations with these parties as to time, place, etc., as well as many other circumstances, are necessary to be shown by the commonwealth in order to make an unbroken chain of testimony against the accused. A fact or circumstance proven on the first trial, and then regarded as immaterial by the court and counsel, might become of vast importance to the accused on the second trial, and therefore the necessity of having the witness before the jury in order that the accused may cross-examine.
Section 365 of the Code provides “that in making an exception only so much of the evidence shall be given as is necessary to explain it, and no more.” This court has' no power to reverse a iudgment of conviction in a criminal case *194 for the reason that the evidence does not authorize it. If there is any proof conducing to show the prisoner’s guilt, the judgment must be sustained in this court, unless there has been some error of law to the prejudice of the accused committed during the progress of the trial, and for which this court, by the provisions of the Code, has the power to reverse. The court below therefore in making out a bill of evidence in a criminal case only gives so much of it as will enable this court to determine the questions of law arising on the facts, and would necessarily omit many circumstances or facts that were or might be of importance to the accused before a jury, and of but little consequence in this court.
The evidence in the case was taken down on the last trial, and adds nearly one thousand pages to the record, and it might well happen that the substance of all that was said by this witness was not contained in the bill of evidence. It is a constant occurrence for counsel on opposite sides to disagree as to what a witness has sworn to, both recollecting with equal clearness, and the court determining the issue between them more with the view of having the legal questions arising presented properly to this court than to get the substance of all the witness said. Even those who are present and favorably inclined to one party are very apt to make the language used by the witness conform to their own wishes, and hence the absolute necessity of giving to the accused, when his life or liberty is involved in the issue, the right of cross-examination. This right of the accused to confront the witness testifying against him is declared in both the Federal and state constitutions, and doubtless in the constitution of every state in the union. A right indispensable to the citizen when his life or liberty is involved, and the admission of this silent witness is, in our opinion, in plain violation of the twelfth section of the bill of rights. (5 Ohio, 354; 10 Hum. 486; Walston v. The Commonwealth, 16 B. Mon. 15.)
*195 It is maintained by counsel for the state that the evidence, conceding it to be incompetent, did not prejudice the rights of the accused. The persistency of counsel for the state in the court below in having it before the jury, as well as the importance attached to the question by the judge presiding at the trial, is sufficient evidence of its importance without analyzing the testimony to show it. It is also insisted that as the admission of incompetent testimony was not made a ground for a new trial in the court below, this court has no jurisdiction over the question. This question has heretofore been decided in the case of Johnson v. The Commonwealth (9 Bush, 224).
The instructions given contain, in substance, the law of the case. Instruction No.- 4 is rather an argument upon the effect of a confession than an instruction to the jury; as-an abstract proposition of law it can not be questioned, but in its application to the facts of a case we doubt whether a jury should be told that a confession voluntarily made was among the most effectual proofs in the case. The confession had been permitted to go to the jury, and they should have been left to .consider it in connection with the other testimony in the case. The caution given juries in receiving proof of verbal confession has always been held proper by reason of the humane and merciful considerations to which the accused is always entitled when on trial upon an issue involving his liberty or life.
No reversal would have been had, however, by reason of this instruction, as we are well satisfied the substantial rights of the accused were not affected by it. The other objections made to the rulings of the court are not available, even if such rulings were erroneous, as they are questions over which this court has no revisory power.
It is proper to suggest that in impeaching the character of a witness, by showing that he is not entitled to credit on oath, proof that his family or associates are in bad repute is clearly *196 incompetent. It is the general character of the witness assailed that is in issue, and not that of his family.
We have examined this large record carefully, and refrain from expressing, as we have no right to do so, an opinion as to the guilt or innocence of Henry Kean; but whatever his condition in life may be, or the circumstances surrounding him, he is entitled to a fair and impartial trial and the maintenance of his constitutional rights.
The judgment of the court below is reversed, and cause remanded with directions to award to the appellant a new trial and for further proceedings consistent with this opinion.