MATT ADAMS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—388.]

**Errors in an Instruction Must Be Stated as Ground for New Trial.**

> The object of making the giving of an erroneous instruction a ground for a new trial is to give the trial court an opportunity to correct such error; and even when such an instruction is excepted to, if not included in the motion for a new trial, this court will not reverse on account of such error.

APPEAL FROM McLEAN CIRCUIT COURT.

April 29, 1881.

OPINION BY JUDGE PRYOR:

Although the instructions in this case may be erroneous, the right to a reversal on such a ground can not be relied on in this court for the reason that no such cause was assigned for a new trial in the court below. The object in requiring a party complaining of such errors to state them as the basis of a motion for a new trial is, that the attention of the judge may be called to the alleged error, so that he may have an opportunity to correct it. In this case, although the instructions were excepted to when the verdict was returned, no complaint was made that the court had improperly instructed the jury; and although no assignment of errors was necessary in this court, still the attorney for the accused called the attention of counsel for the state to the errors which he should rely on, and yet assigns no error in regard to the instructions. Although this is no obstacle to a reversal, still, if the error had been assigned on the motion for a new trial, it would show that counsel had waived the error, if any such had been committed. The principal ground relied upon in this court for a reversal the court has no supervisory power over, as has been repeatedly decided and as counsel concedes in his argument, for an

error committed in overruling a motion for a new trial. Challenges to the panel or to a juror this court can not reverse. *Morgan v. Commonwealth,* 14 Bush (Ky.) 106; *Kennedy v. Commonwealth,* 14 Bush (Ky.) 340; *Kean v. Commonwealth,* 10 Bush (Ky.) 190, 19 Am. Rep. 63. Such questions have so often arisen in this court and been determined by it that it is useless to refer to authority.

The objection to Bennett's evidence should not prevail, as in our opinion it was competent, and besides, the proof was so positive as to the cutting and purpose of the accused as to render it certain as to her intent, regardless of the statement of Bennett. The proof of the statements made by the deceased was competent. The witness professes to give a detailed statement of what the deceased said, direct from hearing his evidence before the examining court.

It appears that the deceased wrote his answer in response to questions propounded, and these answers must have been read in open court in the presence of the witness and accused; at least the witness swears that he heard the statements of the deceased, and is able to state what he swore to on the examining trial. It would have been error to have permitted the minutes of the examining court to have been read. The constitutional objection to such testimony would have availed. Besides, what Linthicum said as a witness is proved, in substance, by many witnesses, and is in effect not denied by the accused. That the knife was used with a murderous intent is clearly shown. The witnesses for the defense establish this fact as well as the prosecution, and the serious question, and one over which the court has no control, was as to whether the wounds caused the death of the deceased. The fact as to the pursuit of the deceased by the accused, and his inflicting the wounds, is not controverted in argument, nor can it be from the proof. The jury has passed upon the question of fact, and for an error committed by the court below, if any exists, and to which this court's attention has not been called on the motion for a new trial, this court can not reverse. *Kean v. Commonwealth,* 10 Bush (Ky.) 190, 19 Am. Rep. 63.

The judgment is therefore *affirmed.*

J. C. Johnson, W. T. Owen, for appellant.

P. W. Hardin, for appellee.

[Cited, *Boner v. Commonwealth,* 19 Ky. L. 409, 40 S. W. 700; *Wilson v. Commonwealth,* 21 Ky. L. 1333, 54 S. W. 946; *Thompson v. Commonwealth,* 22 Ky. L. 501, 28 Ky. L. 1137, 91 S. W. 701.]