## North River Insurance Company v. Walker.

(Decided December 3, 1914.)

Appeal from McCracken Circuit Court.

1. Evidence—Former Evidence—Grounds for Admission in General—Mode of Proof.—In an action upon a policy of fire insurance, where the defense was that insured had set fire to the property, it was error to exclude evidence of what a witness, since deceased, had testified upon insured's examining trial upon a charge of arson for the burning of the house in which the insured property was stored; and where the testimony of such deceased witness was taken down by a stenographer, while her notes and transcript were not themselves evidence, still it was proper to use them as an aid to memory and to refresh recollection.

2. Insurance—Estoppel—Waiver or Agreements Affecting Right to Avoid or Forfeit Policy—Implied Waiver in General.—While it is the rule that the insurer by treating or recognizing a policy as still in force may waive a forfeiture which under the stipulations of the policy it had the right to assert, this rule has reference only to forfeiture for breach of promissory warranties or conditions subsequent contained in the contract; and does not apply where the insured himself sets fire to the property covered by the policy. There is no stipulation for forfeiture in such event. The insured

simply cannot recover for loss caused by his own wrongful act.

3. Trial—Reception of Evidence—Objections—Sufficiency and Scope. —Where objection was made to the competency of a witness; and the witness was competent to prove certain relevant facts to which she testified, a general objection to her competency would not reach the relevancy of a particular question or answer.

WHEELER & HUGHES and MATTHEW WALTON for appellant.

SAM H. CROSSLAND and OLIVER & OLIVER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On March 13, 1912, the North River Insurance Company issued to John N. Walker a policy of fire insurance in the sum of three hundred dollars, covering his household furniture.

On March 16, 1912, three days thereafter, the house in which Walker was living burned, and Walker and his wife were arrested charged with arson; and, upon an examining trial in the Paducah Police Court, they were bound over to await the action of the grand jury. The grand jury of McCracken county returned an indictment against them, but Walker died before a trial could be had; and thereupon the indictment against his widow was dismissed.

On March 15, 1913, Walker's widow, as administratrix of his estate, brought this suit upon the policy. The company defended upon the ground that Walker himself burned the insured property. Upon a trial, the jury returned a verdict for the plaintiff; and the insurance company appeals.

1. It is contended by appellant that the trial court erred in refusing to permit it to prove by a stenographer who reported the testimony given upon the examining trial of the Walkers in the Paducah Police Court, what the testimony of Capt. J. J. Woods, chief of the Paducah fire department, was upon that trial. Appellant showed that Capt. Woods had died since giving the testimony in question; that the stenographer had reported his testimony in full at the time and made an accurate transcript thereof; and offered to prove by the stenographer, her recollection being refreshed by her notes and transcript, what Capt. Woods testified upon the occasion mentioned. The court sustained plaintiff's objection to this evidence, and of this ruling appellant complains.

It is a well-settled rule that whenever necessity ex-

ists, such as arises when a witness dies after testifying, the testimony of such witness upon a former trial may be shown upon another trial, by one who heard the original testimony, provided that the issue in the two trials be substantially the same, and provided that the party against whom the evidence is offered upon the second trial cross-examined upon the former trial the witness, since deceased. Greenleaf on Evidence, Sections 163-166; Wigmore on Evidence, Sections 1386-1388.

In determining what constitutes a former trial within the meaning of this rule, it is generally said that the parties in the present action or their privies must have been parties on the former trial, and that the issue upon the two trials must be substantially the same. Kelly v. Connell, 3 Dana, 532; Kean v. Commonwealth, 10 Bush, 190; 19 Am. Dec., 63; O'Brian v. Commonwealth, 6 Bush, 565.

But in this respect considerable liberality is exercised. If the party against whom the former evidence is sought to be used was a party to the action in which it was given, and there was a cross-examination by such party of such witness upon the issue involved in the present case, it is not necessarily material that the parties should be precisely the same where the issue is substantially the same. 16 Cyc, 1088.

So, in Wigmore on Evidence, Section 1388, it is said: "It is commonly said that the parties to the litigation in which the testimony was first given must have been the same as in the litigation in which it is now offered; but this limitation suffers in practice many modifications, and properly so, for it is not a strict and necessary deduction from the principle. * * * The requirement of identity of parties is only an incident or corollary of the requirement as to identity of issues."

We have been cited to no case holding to the contrary, and have been able to find but one such case. In McInturff v. Insurance Company of North America, 248 Ill., 92, 93 N. E., 369, 140 A. S. R., 153, it was held that the testimony of a witness who gave evidence upon the trial of McInturff upon a charge of feloniously setting fire to property which he had insured, was not admissible upon the trial of McInturff's action against the Insurance Company. We do not find the argument of the court in that case convincing and are not disposed to agree with the conclusion reached by it.

The weight of authority is to the contrary. In the

following cases it was held that the testimony of a witness who gave evidence upon a criminal proceeding for assault may, in the event of the death of such witness, be admitted upon the trial of a civil action against the defendant to recover damages for such assault, where the witness was cross-examined on the former trial. Gavan v. Ellsworth, 45 Ga., 283; Charlesworth v. Tinker, 18 Wis., 663; Kreuger v. Sylvester, 100 Iowa, 647, 69 N. W., 1059. These cases, we think, are in harmony with a common-sense interpretation of the fundamental principles of evidence.

It was proper for the stenographer to use the transcript for the purpose of refreshing her recollection and aiding her memory in testifying as to what Woods stated upon the examining trial mentioned. Wilson v. Commonwealth, 54 S. W., 946, 21 R., 1333; Johnson v. Commonwealth, 70 S. W., 44, 24 R., 842; Thomas v. Commonwealth, 20 S. W., 226, 14 R., 288; Kean v. Commonwealth, 10 Bush, 190, 19 Am. Rep., 63; or to read direct from the transcript of the testimony so given. Lake v. Commonwealth, 31 R., 1232, 104 S. W., 1003; Fuqua v. Commonwealth, 118 Ky., 587, 81 S. W., 923, 26 R., 420.

The trial court, therefore, erred in its ruling refusing to allow the witness mentioned to testify concerning the evedence given by Woods upon the examining trial of the Walkers. The issue upon that trial was substantially the same as upon this, i. e.: Did the Walkers intentionally set fire to the house occupied by them in which the insured goods were stored? And the testimony given by Woods upon that hearing was directly upon that issue and was sought to be used upon this trial as against the same parties against whom it was then given. Their interest and motive in sifting and testing Woods' testimony then given was the same upon that hearing as upon this; and their right and opportunity for cross-examination upon that occasion was unquestioned, and the witness was cross-examined by them on the issue.

2. Appellant also complains of Instruction No. 2 given by the court over its objection, which instruction was as follows:

"The court further instructs you that if you believe from the evidence in this case that J. N. Walker set fire to or intentionally burned the house in which the goods were stored, the value of which is sued for in this action, or procured some one else to do so, or that said house was burned with his knowledge or consent, then the law

in this case is for the defendant, and you will so find, unless you shall further believe from the evidence that defendant's agent, with a full knowledge of all the facts now known to defendant regarding the burning of said house and relied on as a defense in this action, sought and solicited a settlement with J. N. Walker or the plaintiff, or both, and at the solicitation, instance or request of defendant's agent, plaintiff and I. N. Walker were induced to incur the expense of coming from Hickman county, Kentucky, to Paducah, Kentucky, for the purpose of making said settlement, and in pursuance of such solicitation or request, plaintiff and said Walker did come from Hickman county to Paducah for the purpose of making such settlement and did incur expense in so doing, then, and in that event, the law is for the plaintiff, and you will so find.''

Mrs. Walker had testified that on June 8, 1912, about three months after the fire, she received the following letter:

"Paducah, Ky., June 8, 1912.

''Mr. H. A. Walker, Fulton, Ky.   Dear Sir:—We think it very doubtful if we owe you anything; yet, if you will come to Paducah, we will try to make a compromise settlement with you, as the company does not like to have outstanding claims unsettled in this way.  Let me know what day and hour you will meet me at Dr. Sanders' office, so that I will be sure to be in the city.  If the policy is in the name of Mr. Walker, it is necessary for him to come only; if in Mrs. Walker's, it will then be necessary for her to come only.  Be sure to bring the policy with you.  Very truly, C. C. Rose, Adjuster.''

And it was upon this evidence that the instruction was given.

Appellee defends the instruction, and cites Cooley on Insurance, p. 2658, wherein it is said:

''But, if an insurance company, with knowledge of the facts vitiating a policy, enters into negotiations or transactions by which the company recognizes or treats the policy as still in force; or, by its acts, declarations or dealings, leads the insured to regard himself as protected by the policy, or induces him to incur expense or trouble, such acts, transactions or declarations will operate as a waiver of the forfeiture and estop the company from relying thereon as a defense to an action on the policy.  *  *  *  The rule that putting the insured to trouble or expense in proving his loss operates as a

waiver of a forfeiture, is not confined to the production of formal proofs, but extends to any act or expense in relation to such matter, demanded by the company with the knowledge of the breach of warranty or condition.''

But, as will be seen from a careful reading of the text, this has reference only to such forfeitures as might be claimed and asserted by the company for breach of promissory warranties or conditions subsequent, such as a change in the use or occupancy of the insured premises, the storing therein of prohibited articles, taking of additional insurance, and other like matters, which are covered by stipulations contained in the contract of insurance. It is these stipulations, which are inserted in the contract for the benefit of the insurer, and for breach of which the company may claim that it is no longer bound by the covenants of the contract and declare a forfeiture thereof, which may be waived by the insurer. There is no stipulation providing for forfeiture in the event the insured burns the protected property. He simply cannot recover for loss resulting from his own wrongful act. Bindell v. Kenton County A. F. & I. Co., 128 Ky., 389, 108 S. W., 325, 33 R., 385, 129 A. S. R., 303, 17 L. R. A. (N. S.), 189. And the rule as to waiving of forfeitures has no application where the insured himself causes the destruction of the property.

The doctrine of waiver of forfeiture in fire insurance arose because of the occasional harshness of the forfeitures which may be asserted under contracts, the language and terms of which are dictated almost invariably by the insurer; but it would be a length to which this court will not go, to hold that an insurance company, by negotiations had with a person who has burned his own premises, waives its right to defend an action upon the policy, by proving the insured's own incendiary act.

The trial court erred in giving the instruction complained of.

3. Appellant also complains of the action of the trial court in permitting the letter, heretofore mentioned and quoted, to be introduced in evidence.

There is no question of waiver of forfeiture here involved. The company simply defended upon the ground that the Walkers set fire to the house; and the letter mentioned does not tend to prove that they did or did not commit that act. It was, therefore, irrelevant.

But, if there were involved a question of waiver, if there had been a breach of promissory warranty or con-

dition subsequent of the contract of fire insurance, for which breach, under the stipulations of the contract, the company had the right to and was here asserting a forfeiture and defending the action upon that ground, still the letter mentioned would not have been relevant, for it does not show, or tend to show, that the company was recognizing or treating the policy as still in force, or that it had waived the forfeiture which it once had had the right to assert. The letter was not admissible for any purpose, and, on proper objection, should have been excluded.

4. It is proper to add, however, that the only objection shown by the record to the introduction of this letter in evidence is the objection of defendant to the competency of Mrs. Walker as a witness, presumably upon the ground that she was the widow of the insured, John N. Walker.

She was a competent witness, however, to testify concerning any facts which came to her knowledge aside from and despite the marital relation. Aetna Life Insurance Co. v. Bethel, 140 Ky., 609. And some of the testimony given by her was competent, particularly that portion recounting her whereabouts on the night of the fire. This being the case, a general objection to her competency as a witness would not reach the relevancy of any particular question or answer. Wicks v. Dean, 103 Ky., 69, 44 S. W., 397, 19 R., 1708; 38 Cyc, 1376.

For the errors indicated, the judgment is reversed.