## Monahan v. Clemons.

(Decided January 22, 1926.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Evidence—Fragments of Testimony on Former Trial Not Admissible.—In action by father for seduction of daughter, who died before trial, testimony as to her testimony upon examining trial in statutory rape prosecution should not have been admitted, where witnesses did not remember entire substance of her testimony, but merely fragments of it.

2. Trial—Introduction of Testimony that no One Except Defendant had had Intercourse with Plaintiff's Daughter Improper.—In action by father for seduction of daughter, evidence that no one but de-

fendant had had intercourse with her held incompetent as evidence in chief.

3. Evidence—Testimony of Deceased Witness on Former Examining Trial should Not be Introduced Without Showing that Deceased was Sworn.—Testimony of deceased witness on examining trial on charge of statutory rape should not be admitted, in absence of showing that she was sworn.

4. Seduction—Plaintiff's Evidence that His Daughter was Dead Improper.—In action by father for seduction of daughter, permitting plaintiff to testify in hearing of jury that daughter was dead held not proper, though it was proper for court, in passing on competency of her testimony on former trial.

5. Evidence—Reference in Seduction Case to Accused's Failure to Testify in Former Charge of Statutory Rape Improper.—In action by father for loss of services for seduction of daughter, reference to case in which defendant was accused of statutory rape and to his failure to testify thereon held improper.

6. Seduction—Father Entitled to Recover for Loss of Services Until Death Only.—In action by father for seduction, where daughter died after birth of child, recovery may only be had to date of death; action not being for death.

7. Seduction—Right of Action Exists Under Statute Without Allegation of Proof of Loss of Services.—Under Ky. Stats., section 2, parent has right of action for his daughter's seduction and his resulting loss of services, without allegation or proof of loss of service.

8. Seduction—Statutory Right of Action Does Not Repeal Common-Law Remedy.—Ky. Stats., section 2, giving parent right of action for his daughter's seduction and his resulting loss of services does not repeal the common-law remedy.

9. Seduction—Proof of Seduction Not Defeated by Showing of Rape.—In action for loss of daughter's services from seduction, proof that intercourse charged amounted to rape or statutory rape does not defeat the action.

O. M. ROGERS for appellant.

JOHN B. O'NEAL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Appellant, whom we will call the defendant, appealing by his guardian *ad litem*, seeks to reverse a judgment for $7,000.00 recovered against him by the appellee for the seduction of his daughter, Betty Clemons. On July 18, 1921, Betty Clemons, then about fifteen and one-half years of age, made the acquaintance of defendant, a taxi driver, who was two years and ten months her senior.

She frequently rode with him in his taxi to a tent meeting that was then in progress at Crittenden. She was accustomed to occupy the front seat with him, and she almost from the first was so very fond of him that she demonstrated that affection by so hugging and kissing the defendant in the full view of the other passengers, that one woman said, in her evidence, "If he had not hugged her back he would not be much of a man." In the early part of October, 1921, defendant ceased to go with Miss Clemons. About the first of the year 1922, defendant was arrested upon a charge of having carnal knowledge of a female less than 18 years of age, and not his wife. Betty Clemons testified against him in his examining trial. On June 6, 1922, she gave birth to a child, and eleven days thereafter, she died. On August 2, 1922, plaintiff, as her father, began this action against defendant, seeking to recover $10,000.00 for the loss of services, and alleging in his petition:

> "The plaintiff, Robert Clemons, says that on or about August 21, 1921, he was the father of Betty Clemons, at that time under the age of 16 years, and . . . defendant Earl Monahan . . . seduced and had carnal knowledge of . . . Betty Clemons, and that in consequence . . . a child was born to her. . . . "

This was equivalent to charging defendant with the rape of his daughter, as the allegations show she was under the age of consent. The defendant denied having intercourse with her. The trial had June 22, 1923, resulted in the judgment appealed from. Defendant is complaining of the evidence. Upon the trial of this case, the plaintiff was permitted, over the objection of defendant, to testify to what his daughter—who was then dead—had testified to upon the examining trial. The official stenographer was introduced and he undertook from memory to give the evidence of Betty Clemons. Defendant objected to the evidence of both these witnesses, and he insists that the action of the court in overruling his objection was prejudicial error.

> "It is a well-settled rule that whenever necessity exists, such as arises when a witness dies after testifying, the testimony of such witness upon a former trial may be shown upon another trial, by one who heard the original testimony, provided that the

issue in the two trials be substantially the same, and provided that the party against whom the evidence is offered upon the second trial cross-examined upon the former trial the witness, since deceased. Greenleaf on Evidence, sections 163-166; Wigmore on Evidence, sections 1386-1388.''

And,

"   . . . the testimony of a witness who gave evidence upon a criminal proceeding for assault, may, in the event of the death of such witness, be admitted upon the trial of a civil action against the defendant to recover damages for such assault, where the witness was cross-examined on the former trial.''

North River Ins. Co. v. Walker, 161 Ky. 368, 170 S. W. 983.

While this is the rule, yet we have said:

"The law is, that when the witness states . . . that he remembers the substance of all the deceased witness testified to, both on the direct and on the cross examination, he is a competent witness, . . . but if it be manifest to the court that he does not so remember, the evidence should be rejected.'' Bush v. Com., 80 Ky. 244, 3 Ky. L. R. 740.

As neither of these witnesses said he remembered the substance of all Betty Clemons' testimony their testimony about such fragments of it as they could remember, should not have been admitted. These two witnesses were also permitted to testify for plaintiff that Miss Clemons in the examining trial had testified that no one else had had sexual intercourse with her except the defendant. This was incompetent as testimony in chief, and should not have been admitted. After the pregnancy of Betty Clemons was shown in the evidence, then the defendant should, if he so desired, have been permitted to open this inquiry, and to offer evidence of her intimacy with other men, either to account for her pregnancy or in mitigation of damages, but it should remain a closed question until he opens it. Gilbert v. Com., 204 Ky. 505, 264 S. W. 1095.

Defendant makes a further objection to this evidence because it was not shown that Betty Clemons was sworn, upon the other trial, before giving her evidence. Upon

the next trial of this case, the court should require that to be shown before the evidence is admitted. Before this evidence was admitted, the court permitted the plaintiff to testify in the hearing of the jury that his daughter was dead. That should not have been done. It was proper for the court to hear evidence that the daughter was dead before admitting any evidence of what she had testified to on the former trial, as the competency of that evidence was a question of law to be determined by the court; but the evidence of her death should have been heard by the court only, and not by the jury. The court should have tried this case without reference being made to the trial of the criminal case in the county court and the circuit court, and without reference to the defendant's failure to testify in the other cases. When such evidence is excluded, there will be no reason for giving instruction A, and in view of this woman's age, there was no reason for giving instruction No. 2. Upon a retrial of this case, the court will only give instructions 1, 3, and 4, but he will modify instruction 3 by saying "to the 17th of June, 1922," in lieu of "to the time of her death." The plaintiff is suing for loss of services, not for the death of his daughter. His right to her services ceased on June 17, 1922.

L. & N. R. R. Co. v. Engleman's Admr., 146 Ky. 19, 140 S. W. 374. The death of Betty Clemons was not the basis of this case, and should not go before the jury. The jury should know when, but not why, the father's right to her services ceased.

As the judgment must be reversed for errors in the admission of evidence, we shall not now determine the question of the excessiveness of the verdict, but before closing this opinion, we will briefly consider some of the general features of this case.

This suit was brought by the parent for his daughter's seduction, and his resulting loss of service. Our statutes give him the right to such an action, without the allegation or proof of loss of service. Section 2, Ky. Stats. His petition was so drawn as to state a cause of action either under the statute or at common law. Our statute does not repeal the common law remedy. Wilhoit v. Hancock, 68 Ky. (5 Bush) 567. In the last cited case, this court quoted with approval, this:

"Liberal damages are usually given in an action for seduction, and the courts are disinclined to grant

new trials merely on the ground of excess in that respect."

In that case, this court said further:

"The injury to the father's feelings, and his and his family's dishonor, enter into the consideration of the jury in making up their verdict."

Betty Clemons' ruin was wrought when she was just out of childhood, her purity was still jealously guarded by the law, and if defendant debauched her he must answer for it. Nor can he be excused by saying the act sued for was seduction, and the act proven statutory rape. The allegations of the petition were broad enough to include both. If it was the latter, that was proven, rather than the former, the outrage is even greater and the mischief more offensive. The courts are agreed that where a parent sues for the seduction of his daughter, and it appears that the intercourse was accomplished by force, that such a showing will not defeat the action. Velthouse v. Alderink, 153 Mich. 217, 117 N. W. 76, 15 Ann. Cas. 1111, 18 L. R. A. (N. S.) 587; Kennedy v. Shea, 110 Mass. 147, 14 Am. Rep. 584; Leucker v. Steileu, 89 Ill. 545, 31 Am. Rep. 104; Mohelsky v. Hartmeister, 68 Mo. App. 318; Furman v. Applegate, 23 N. J. L. 28; Lawrence v. Spence, 99 N. Y. 669, 2 N. E. 145; Bradshaw v. Jones, 103 Tenn. 331, 52 S. W. 1072, 76 Am. St. R. 655; Lavery v. Crooke, 52 Wis. 612, 9 N. W. 599, 38 Am. Rep. 768.

Certain decisions which intimate that the definition of seduction necessarily includes the element of consent by the woman, are no doubt correct in so far as the popular definition of the offense is concerned, but are contrary to the great weight of modern authority in respect to the civil liability of her despoiler to her father. Defendant's position is certainly not bettered any by this act being statutory rape, rather than seduction.

The judgment is reversed, and the defendant awarded a new trial.

The whole court sitting.