## Kelly v. Combs.

(Decided May 17, 1929.)

D. G. BOLEYN and WILSON & WILSON for appellant.

GEORGE E. SAUFLEY and S. M. WARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, R. K. Kelly, who was the plaintiff below, brought this action against R. L. Combs to recover damages in the sum of $5,000 for the seduction of his daughter, Margaret Kelly. At the conclusion of the evidence for the plaintiff, the trial court sustained defendant's motion for a directed verdict, and plaintiff appeals.

It is argued by counsel for appellee that the judgment should be affirmed because the petition failed to state a cause of action and there was no evidence authorizing a submission of the case to the jury.

The petition averred that "on or about the 28th day of March, 1927, and at various times between that date and the commencement of this action, the defendant, R. L. Combs, well knowing the said Margaret Kelly to be the daughter of plaintiff wrongfully debauched, seduced and carnally knew the said Margaret Kelly, . . . . That by reason of the aforesaid acts of the defendant the said Margaret Kelly became pregnant and sick with child, and so remained for the space of nine months and gave birth to a child on December 28, 1927; that during said time the said Margaret Kelly was unable to attend to the duties of her service, and plaintiff was thereby deprived of her service and was obliged to and actually did expend $250 in nursing and taking care of said Margaret Kelly, and in procuring medicine and medical attention for her, and was otherwise greatly injured."

At common law the action for seduction was based on the relation of master and servant and the loss of the service of the latter, and a person could not sue for se-

duction unless he could establish some right to the services of the person seduced and loss of service resulting from the seduction. However, slight evidence of loss of service is all that is required. Wilhoit v. Hancock, 5 Bush, 567. Section 2 of the Kentucky Statutes provides that an action for seduction may be maintained without any allegation or proof of the loss of service of the female, but, as said in the Wilhoit case, supra, this statute has not repealed the common-law remedy in behalf of the parent, but has afforded a cumulative remedy. By the statute the seduction act is made the cause of action and not loss of service or expense. The petition clearly states a cause of action under the common law.

The evidence for plaintiff discloses that the defend-had carnal knowledge of Margaret Kelly in March, 1928, when she was about 14½ years of age. She was living in plaintiff's home at that time and rendering him some service. While the proof as to the expense incurred by plaintiff on account of his daughter's pregnancy and the birth of her child is not as full as it might be, there is proof that he did incur some expense. In Wilhoit v. Hancock, supra, the court said:

> "For the loss of service and expense, the common law action does not accrue until the sickness deprives the father of the daughter's services, and until expense, if any is sued for, has been incurred; but when this action is brought, still the injury to the father's feelings and his and his family's dishonor, enter into the consideration of the jury in making up their verdict."

And further:

> "The American courts have gone even further than the British courts, in sustaining this action for seduction by parents or those standing in loco parentis; and our legislative enactment clearly indicates an extension or liberalization rather than a contraction of this remedy; but even according to the English common law this action could be sustained, and the damages were authorized, which could not be impaired by a mere cumulative remedy."

Also see Monahan v. Clemons, 212 Ky. 504, 279 S. W. 974.

There was sufficient evidence to authorize a submission of the case to the jury, and the trial court erred in sustaining defendant's motion for a directed verdict in his favor.

Wherefore the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.