JUDGE PRYOR
delivered the opinion of the court.
Benjamin Johnson, sr., and his two sons, James Johnson and Benjamin Johnson, jr., were jointly indicted in the Jackson Circuit Court for the murder of Isaac Edwards. The parties obtained a change of venue to the county of Madison, where a trial was had as to James Johnson and Benjamin Johnson, jr., resulting in a verdict of guilty as charged in the indictment. Benjamin Johnson, jr., has appealed to this court from the judgment of conviction, and by his counsel assigns various errors committed during the progress of the trial as grounds for a reversal.
The evidence discloses the fact that James Johnson shot and killed Edwards, and that when the shooting took place the appellant, Benjamin Johnson, jr., was present. These parties had been hostile to each other prior to the day on which Edwards was killed, and the effort of the prosecution, so far as the appellant was concerned, seems to have been to make him particeps criminis by reason not only of his presence *226 at the time of the. alleged murder, but on account of his hostility toward the deceased, manifested by threats of violence a short time before the unfortunate difficulty transpired. The prosecution introduced as a witness one Levi Ha,rrison, who stated that the appellant said “ that he would sink into the middle of perdition if he did .n’t kill the black-mustached son of a bitch'; that Edwardsfs name was not called, but he took it that he was talking about Edwards.” Counsel for the appellant objected to the statement, and the court .refused to exclude it from the jury; and the witness proceeded to state “ that he thought Ben was talking about' Edwards because he had heard him and Jim talk about him before.” The evidence in behalf of the state conduced to show that the appellant, when himself and his brother first saw Edwards, advised him not to shoot, but to pass the deceased friendly if it could be done. Upon this proof, connected with the previous hostile feeling between the parties, and the threats attempted to be proven by the witness Harrison, the appellant was convicted.
The revisory power given this court over criminal prosecutions does not authorize a reversal, for the reason that the verdict of the jury is not sustained by the evidence. By section 334 of the Criminal Code it is provided that a judgment of conviction shall only be reversed,.for the following errors: 1. An error of the circuit court in admitting or rejecting important evidence; 2. An error in instructing or refusing to instruct the jury; 3. An error in failing to arrest the judgment; 4. An error in allowing or disallowing a peremptory challenge. The instructions given by the court below presented the law of the case to the jury in a clear and concise manner, and were in no way prejudicial to the rights .of the accused. The only error complained of, demanding the consideration of this court, is in the refusal of the court below to sustain the objection made by counsel for the accused to that portion of the witness Harrison’s statement in which.the wit *227 ness expressed the opinion that the threats he heard appellant make were made in regard to the deceased. When this threat was made and the language used by the appellant no name was given, and the only mode of identifying the person of whom he spoke is from the opinion of the witness. It was certainly important for the commonwealth, with a view of showing that the appellant was aiding and abetting in the killing, to show that this threat was made with reference to Edwards; and the opinion expressed by the witness, being permitted to go to the jury, conduced to establish this fact. There are instances, arising from necessity, where the opinions of experts or men of science are permitted to be given in evidence, and only then with reference to some subject-matter that a court or jury can form no judgment in regard to without this character of proof. The general rule is that a witness must speak of facts within his own knowledge; and the mere opinion of the witness Harrison as to the person against whom these threats were made was clearly incompetent, and should have been excluded from the jury. The attorney-general insists, however, that this error can not be inquired of by this court, for the reason that it was not made one of the grounds upon the motion for a new trial in the court below.
By section 267 of the Criminal Code the court below may grant a new trial upon the motion of the accused for the following reasons: 1. Where the trial in a case of felony was commenced and completed in his absence; 2. Where the jury has received any evidence out of court other than that resulting from a view as provided in this Code; 3. Where the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors; 4. Where the court has misinstructed or refused properly to instruct the jury;' 5. Where the verdict is against the law or evidence; 6. Where the defendant has discovered important evidence in his favor since the verdict; 7. Where from the misconduct of *228 the jury, or from any other cause, the court is of opinion that the defendant has not received a fair and impartial trial.
Sec. 277 of same Code provides that “the exception shall be shown upon the record by a bill of exceptions prepared, sealed, and signed, as provided in the Code of Practice in civil cases.” Assuming that it is necessary for the accused to file written grounds upon the motion for a new trial in the court below in order to prosecute an appeal from a judgment of conviction to this court, is it required that he should assign any other causes in support of the motion than those prescribed by the section of the Code referred to ? A motion for a new trial was made in the present case, embracing nearly all the grounds specified by the Criminal Code, but the error in admitting incompetent testimony was not assigned or relied on, so far as the record shows, in support of the motion, nor do we think it was necessary in order to enable the accused to avail himself of this error upon the present appeal. The bill of exceptions shows that an exception was taken to the ruling of the court in admitting the opinions of Harrison, the witness, as testimony, and we have already seen that this court, upon a judgment of conviction, is authorized to reverse for an error of the circuit court in admitting or rejecting important evidence ; and we see no reason, when this error is made to appear from the record before us with the proper exception, that this court should refuse to reverse the judgment because the error was not assigned as one of the grounds for a new trial in the court below, when it is not one of the errors mentioned by the Code for which a new trial may be granted. It is true that by section 277 of the Criminal Code bills of exceptions are to be regulated by the provisions of the Civil Code; but this does not require that the accused should, on his motion for a new trial, rely on any other grounds than those designated by the Criminal Code in order to enable him to be heard in this court.
*229 It is well settled in the trial of civil causes that when an error complained of in this court was not made the ground for a new trial in the court below it can not avail the party here. The grounds specified for a new trial in a civil case include all errors of law committed during the progress of the trial, and this applies as well to the admission or rejection of testimony as to the giving or refusing instructions. (See subsection 8 of section 369, Civil Code.)
In a criminal case the only errors of law specified as grounds for a new trial consist in giving or refusing instructions, and the admission of incompetent testimony is by no provision of the Criminal Code required to be inserted as one of the grounds for a new trial, even if relied on. It is insisted that the seventh subsection of section 267 of the Criminal Code includes all and every ground for a new trial, which provides that “where from the misconduct of the jury, or from any other cause, the court is of the opinion that the defendant has not received a fair and impartial trial,” etc. This subsection evidently relates to other causes than those arising from errors of law committed by the court during the progress of the trial. It points in the first place to the misconduct of the’jury, to which might be added an undue excitement or prejudice against the accused or other outside influences, evidencing to the mind of the court that the accused has not been fairly dealt with. The legal mind, in attempting to ascertain the grounds for a new trial prescribed by the Criminal Code, would never conclude that the subsection referred to embraced errors of law in admitting or rejecting important testimony.
Although a new trial should be granted in the court below for an error in admitting or rejecting important testimony, it was unnecessary to include in the grounds filed for a new trial in the present case the error of the court below in admitting the opinions of the witness Harrison, and as this error appears *230 in the record with an exception made, and is to the prejudice of the accused, the judgment of conviction is reversed, and the cause remanded with directions to grant the accused a new trial, and for further proceedings consistent with this opinion.