CASE 102—INDICTMENT—OCTOBER 6, 1881.

# Turnbull v. The Commonwealth.

#### APPEAL FROM GRANT CIRCUIT COURT.

1. Upon the trial of an indictment against a married woman and another for malicious cutting and wounding her husband, he is not a competent witness against his wife.
2. Section 24, chapter 37, title "Evidence," applies to criminal as well as to civil cases.

W. MONTFORT FOR APPELLANT.

Section 24, page 414, General Statutes, provides that " neither husband nor wife shall be competent to testify for or against each other." The statute applies alike to criminal as well as to civil cases.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The alleged error of the court is not made one of the grounds for a new trial, and therefore this court will not consider it.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant, Sarah J. Turnbull, and William Brown, being jointly indicted and tried for the crime of willful and malicious cutting and wounding her husband, Melvin Turnbull,

Turnbull v. The Commonwealth.

she was, by the verdict of the jury, found guilty, and her punishment affixed at confinement in the penitentiary for the term of one year, and judgment against her was accordingly rendered. ·

She has appealed from that judgment, and complains of an error of the court below in permitting her husband to testify as a witness upon the trial against her.

It is not necessary that the error of the court in admitting incompetent testimony be relied upon in a motion for new trial in order to enable the accused to avail herself of that error upon appeal. (Johnson v. Commonwealth, 9 Bush, 228.)

By section 24, chapter 37, title "Evidence," General Statutes, it is enacted "that neither husband nor wife shall be competent for ·or ˉagainst each other, or concerning any communication made by one to the other during marriage, whether called while the relation subsists or afterwards," &c.

There is nothing to indicate that chapter 37 was intended by the legislature to apply exclusively to civil actions and proceedings; nor can section 24 by its terms be so confined in its application.

The court, therefore, in permitting her husband to testify against her, erred to the prejudice of appellant, and the judgment of conviction must be reversed, and the cause remanded, with directions to grant her a new trial, and for other proceedings consistent with this opinion.