### ISAAC TURNER *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 3—794.]

**Criminal Law—Refusing a Continuance.**

The Court of Appeals can not reverse a homicide case on account of the fact that the trial court refused a continuance where only that part of the record is before it showing the affidavit for the continuance and its denial, for the whole record may show that the witness for whose attendance the continuance was asked would testify only to facts cumulative in character or not material to the issue.

### APPEAL FROM LAFAYETTE CIRCUIT COURT.

May 16, 1882.

OPINION BY JUDGE PRYOR:

It is not necessary to determine the question as to the rights of the appellant to prosecute an appeal in a case where no appeal was prayed in the court below, as there is no record before us showing the evidence upon which the conviction was based.

The sole ground for a new trial, and the only exception taken in the court below, was upon the refusal of the court below to grant a new trial, on account of the absence of a witness. No bill of exceptions was filed or tendered, and the affidavit shows that other witnesses of more importance to the accused were either examined, or could have testified as witnesses on the trial. Whether they did testify or who did testify in the case does not appear, and there is no mode of ascertaining the effect of the statement of this witness or the extent to which the accused was prejudiced by the refusal to continue the case, in the absence of the testimony upon which the conviction was had. There are no exceptions to the instructions, and if any had been made they contain the law

in regard to homicide and the accused was properly convicted if the facts authorized it. The sufficiency of the evidence was with the court and jury below, and what that evidence was this court can not know, as no part of it is found in the record. We are asked to reverse because the court refused a continuance, and only that part of the record is here showing the affidavit for the continuance, and the denial of the motion by the presiding judge.

Any ruling of the court below might be regarded as error, and a reversal had if only parts of the record are brought to this court. The accused would always omit to bring the part of it here conducing to show that the judgment was proper. A part of a record might sometimes justify a reversal when the error committed was such as could not possibly be cured by any subsequent proceeding, but this can not apply to a mere question of evidence, and to dispense with the bill of exceptions in such a state of case would, in effect, enable parties to reverse judgments in every instance where an appeal is prosecuted. It appears from the record in this case that the accused is to suffer the penalty of death for the commission of the crime of which he has been convicted, and from the statement of counsel, who appeared in this court in his behalf, the discovery of testimony since the trial has thrown much light upon the matter of his defense, and, if true, would probably result in acquittal, or in mitigation of his punishment. The issue in this case is of such importance, when considered with reference to statements of counsel made here, as to require additional investigation, not with a view of ascertaining whether an error was committed by the enlightened judge who tried this case below, but of ascertaining the existence of certain alleged facts not heard below that if true would at least lessen the punishment. But the helpless condition of the accused, the severity of the punishment, and the want of knowledge on the part of counsel, who were only appointed to defend for him, as to the true history of the case, and the failure to make such a record as would enable him to appeal, are arguments to be addressed to the executive and not to the judicial department of the state.

The appeal must, therefore, be dismissed.

*Sharp & Beauchamp, for appellant.*

*P. W. Hardin, for appellee.*