Brown v. Commonwealth.

CASE 34—INDICTMENT—NOVEMBER 12.

## Brown v. Commonwealth.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. RAPE.—EVIDENCE.—A defendant charged with rape may show particular acts of unchastity upon the part of the prosecuting witness, occurring shortly before the alleged rape.

2. RAPE—INSTRUCTIONS.—Actual or constructive force is a necessary ingredient ordinarily in the crime of rape, and an instruction which authorized the conviction of the defendant if he had carnal knowledge of the prosecutrix "against her will or consent, or by force, or by putting her in fear" was erroneous, because a conviction might be had thereunder though the prosecutrix passively submitted, without actually consenting, to the intercourse.

3. INSTRUCTIONS.—It is error for a trial court to group in an instruction certain facts or circumstances, and attempt to dictate to the jury the force to be given to them.

SWEENEY, ELLIS & SWEENEY AND R. A. MILLER FOR APPEL-LANT.

1. It was error to refuse defendant's offer to prove specific acts of unchastity. Franklin v. Com., 92 Ky., 616; Carroll v. State, 32 Tex. Crim. Rep., 431 (40 Amer. St. Rep. 786); Woods v. People, 55 N. Y., 515; State v. Johnson, 28 Ver., 512; State v. Reed, 39 Ver., 417; State v. Murray, 63 N. C., 31; Benstine v. State, 2 Lea, 169 (31 Amer. Rep., 593.)

2. Under the provisions of section 596 of the Civil Code, the party

Brown v. Commonwealth.

introducing a witness may contradict him by other evidence, and by showing that he had made statements different from his testimony. Champ v. Com., 2 Met., 17; Loving v. Com., 80 Ky., 507.

4. The intercourse must have been *"forcible and against her will"* in order to constitute rape; under instruction No. 1, if defendant carnally knew her against her consent he was guilty, without any force and not necessarily against her will, but against her consent. Blackstone, Vol. 4, 210; Hale's Pleas of Crown, Vol. 1, 628; Blair v. Com., 7 Bush, 228; Whitaker v. State, 36 Amer. Rep., 856.

W. S. TAYLOR FOR APPELLEE.

1. Specific acts of unchastity by the prosecutrix, can not be shown. 19 A. & E. Enc. of Law, 962; McDermott v. State, 13 Ohio St., 334; 8 Ohio St., 643; 15 Ark., 624; 3 Kelly (Ga.), 422; 58 Ind., 355; Rex v. Hodgson, Russell & Ryan, 211; Underhill on Evidence, p. 25, 84 Ala., 435; 29 Nev., 123; 63 Ind., 149; 52 Amer. Rep., 501; 113 Mass., 210.

2. A party who introduces a witness to prove certain facts, and he testifies they did not transpire, can not introduce other witnesses to show that he had stated differently. 2 Met., 17; 80 Ky., 507; 12 Bush, 181.

3. The instructions taken as a whole and considered together presented the issues fairly to the jury.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On the defendant's trial for rape, his defense being that carnal knowledge of the prosecutrix was had by him with her consent, it was error for the court to refuse to permit him to prove by third parties, and by the prosecuting witness on cross-examination if he could, acts of a lewd or lascivious character on her part occurring shortly before the alleged rape, such as that other young men had taken undue liberties with her person, by putting their hands under her clothes and feeling her person, to which she submitted without objection. In all the courts it is held admissible to show the reputation of the prosecutrix for general chastity by general evidence, but in some of the States it is held incompetent to prove

particular acts of unchastity.    We think, however, the contrary rule is more in accord with reason.   If the prosecutrix in fact permitted such undue liberties to the extent indicated the jury may gather some light on the question of whether she the more likely consented to the intercourse. It may be far from conclusive, but it is at least somewhat relevant to the inquiry.   The cases of Benstine v. State, 2 Lea, 169; Woods v. People, 55 N. Y., 515; State v. Johnson, 28 Vermont, 512; State v. Murray, 63 N. C., 31, seem to be directly in point.

Again, under the first instruction the jury was authorized to convict the defendant if he had carnal knowledge with the prosecutrix "against her will or consent, or by force or by putting her in fear."   Rape is the unlawful carnal knowledge of a female by force and without her consent (4 Blackstone, 210; 2 Arch. Cr. Pr., 152; 1 Russ. Cr., 9th Ed., 904, 912.)   It is the ravishing of a woman against her will and without her consent (1 East P. C., chapter 4, section 34). Force, actual or constructive, is a necessary ingredient in the crime except in cases not now involved.   And a conviction in this case should not have been permitted unless the act was committed forcibly and against the will of the prosecutrix.    The instruction hardly comes up to this requirement.

If the prosecutrix passively submitted, though without actually consenting to the intercourse, a conviction was authorized under the instruction.   Yet if she so submitted without active resistance, because there is no reason shown why she could not have so resisted, the defendant is not guilty of rape, although he may not have obtained formal consent.

Again, by the fifth instruction the jury were told that if the prosecutrix failed to make complaint at the earliest opportunity, unless she explained this satisfactorily, or if she failed to repel defendant with all the resistance within her power, or if she made no outcry at the time, then these circumstances should be taken into consideration with the other evidence "as tending to show that no rape was committed." This instruction should not have been given. It was not the province of the court to select or group certain facts and attempt to dictate to the jury the force to be given them. And the same vice appears in the third instruction, where the jury were told if the prosecutrix "complained of the alleged rape at the earliest opportunity, this fact should be taken into account as a circumstance tending to corroborate the testimony of the said witness."

The testimony of the witnesses, Gabbert and Adcock were properly rejected and that of Mrs. Roby properly admitted.

For the reasons given the judgment is reversed, with directions to award the defendant a new trial and for proceedings consistent with this opinion.