Smith v. Commonwealth.

CASE 35—PROSECUTION AGAINST HENRY SMITH, ALIAS HENRY WILLIAMS, FOR RAPE.—DEC. 13 .

# Smith v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION—JOSEPH PRYOR, JUDGE.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

RAPE—EVIDENCE—SUFFICIENCY—CORROBORATION OF PROSECUTRIX—REMARKS OF JUDGE—ERROR—EXCEPTIONS.

1. Evidence on a prosecution for rape examined, and HELD to tend to prove defendant's guilt, precluding the court on appeal from determining that a verdict of guilt was unauthorized.

2. Under Kentucky Statutes 1903, section 1154, punishing whoever shall carnally know a female above twelve years of age against her will or consent, or by force, or while she is insensible, it is not necessary on a trial for rape to prove that physical force was applied to the person of the female, and if she was made to yield through fear caused by threats of violence the offense is proven.

3. On a trial for rape the fact that defendant had intercourse with the prosecutrix was admitted by him. It was shown that he, immediately after the alleged offense, left the neighborhood, and kept out of the hands of the officers for three weeks, and that the prosecutrix was in distress early the day following the offense, and then complained of the outrage. It was also shown that the grass where he had concealed himself prior to the assault as testified to by the prosecutrix had been mashed down as if some one had lain on it. HELD to corroborate the prosecutrix.

4. Where the bill of exceptions fails to show that the alleged improper remarks of the judge on a trial for crime were excepted

Smith v. Commonwealth.

to when made, the court on appeal can not review the alleged error.

A. L. TRAIL AND M. BARNETT, ATTORNEYS FOR APPELLANT.

1. The testimony fails to show such resistance on the part of the prosecutrix as would constitute the offense of rape. All she testifies to may be true and still the act not have been against her will.

2. There is no corroborating evidence, and without corroboration there can be no conviction.

3. She made no outcry, no resistance at the time, but went to her room and went to bed and said nothing about it until the next morning after breakfast.

The law presumes that a woman who has suffered the indignity and brutality of a rape will not submit in silence to the wrong, but will at once take the necessary steps to bring the defendant to justice.

## AUTHORITIES CITED.

State v. Bargdorf, 53 Me., 65; Peoples v. Abbott, 19 Wend., 194; Conners v. State, 47 Wis., 525; Whittaker v. State, 50 Wis., 518; Dan Moran v. The People, 25 Mich., 356; 1 Hale, P. C., vol. 1, p. 633; Fisk .v. State, 11 Neb., 276; Nilsen v. State, 11 Neb., 276; Murphy v. State, 15 Neb., 383; Oleson v. State, 11 Neb., 276; People v. Dohring, 59 N. Y., 382; People v. Bransby, 32 N. Y., 526, 531, 540.

N. B. HAYS, ATTORNEY GENERAL, AND L. MIX, ATTORNEYS FOR APPELLEE.

1. It appears from the evidence that the act was done not only against the will and consent of the prosecutrix, but by force, both actual and constructive.

2. In a prosecution for rape the same rule as to the sufficiency of the evidence to convict applies, as in any other criminal case; that is, the verdict will not be disturbed if there is any evidence of the guilt of the accused. White v. Commonwealth, 96 Ky., 180.

3. Where the prosecuting witness is reluctant in answering questions, the court and attorney for the Commonwealth are excusable for asking leading questions.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Upon a second trial in the Jefferson Circuit Court, crimi-

nal division, under an indictment charging him with the crime of rape upon Annie Scheneble, "a female over and above twelve years of age," the appellant, Henry Smith, alias Henry Williams, a negro, was by verdict of the jury found guilty, and his punishment fixed at confinement in the penitentiary for ten years. Upon the previous trial he was also convicted, but his punishment was then fixed by the jury at death. He was, however, relieved of that judgment, and of the death penalty thereby imposed, by a new trial granted him by the lower court. But his motion for a new trial, which was made following his last conviction was overruled, and he has appealed.

The girl upon whom the alleged rape was committed was seventeen years of age at the time of its occurrence. She is a white girl, and then living at the home of C. S. Wymond, in the city of Louisville, where she was employed as a house servant. According to her testimony, the crime charged against the appellant was committed under the following circumstances: She and a young man by the name of Terhune, who had escorted her home, sat from 7:30 to 9 o'clock in the evening upon the steps of the rear entrance to the Wymond residence, engaged in conversation. At or about 9 o'clock Terhune left, after which the girl remained upon the steps long enough to unlace one or both of her shoes preparatory to going into the house and retiring for the night. Then arising, she was about to insert the house key in her possession in the lock of the door, when the appellant jumped up beside the fence only a few feet away, and, pointing a pistol at her, said: "You open that door and I will kill you." She did not open the door, but instead, at a further order from appellant, enforced by the continued pointing of the pistol at her, went to where he was standing, and when she got in reach of him he grabbed her by the hand and pulled

her to the fence, which was about five feet high (reaching her chin), and held the pistol to her cheek, saying if she ran or "hollered" he would shoot her. Continuing to hold her hand, he jumped over the fence and asked what business she had out at that time of night, and said that he had been watching her all along. He then shoved her against the house, threw her down, and had intercourse with her, all the time holding a hand over her mouth to prevent her from making an outcry, which she said she attempted to do. After appellant had accomplished his purpose, and before leaving, he offered the girl $10 to leave the city the next day. After appellant left, the girl went into the house and to bed, without telling any one that night of what had occurred. Early the following morning, according to the testimony of Wymond, Annie Scheneble was weeping in his presence, and upon asking the cause of her tears, she informed him of the outrage that had been committed upon her the night before by appellant, and then sent for her mother, to whom she also communicated the entire transaction. Wymond then examined the ground where the girl said appellant arose beside the fence in the adjoining yard, and found the grass mashed down as if some one had lain upon it. No sign was visible where she said he forced her to the ground, as there was a brick pavement at that place. The appellant was employed some time as coachman by the family living on the lot adjoining that of Wymond, but quit work and left the place on the day of the assault upon the girl, or early the day following, and his whereabouts were not ascertained by the police officer in search of him for the outrage committed upon Annie Scheneble until three weeks had elapsed. He was then found in a restaurant on Jefferson street, in the employment of one Hess. Upon finding appellant, the officer, McAuliffe, asked him if his name was not Henry Williams.

He said it was not, but that his name was Smith. In reply to other questions from the officer, appellant denied that he had ever worked in the neighborhood of Wymond, or that he knew anybody there, and further declared that he knew nothing about the Scheneble girl.

The foregoing evidence presents in the main the facts upon which the conviction of appellant was secured. If she is to be believed, there was in the facts testified to by her sufficient evidence to warrant the belief upon the part of the jury that she was subjected to force and violence by appellant, and through fear and duress yielded to his assault, and was thereby compelled to have sexual intercourse with him. Upon the other hand, appellant testified that he did have intercourse with her upon the occasion complained of, and upon divers other and previous occasions, but that in each instance it was with her consent, and most generally for hire. Indeed, if he told the truth, it is apparent that the girl is hardly less depraved than he. He also proved by one Harris that he had seen appellant and Annie Scheneble in frequent conversations, and that he had seen her go to the room over the stable where appellant slept. Other witnesses, some of whom were apparently reputable, and others doubtless not so, testified that the reputation of Annie Scheneble for truth and virtue was bad. It was, however, the province of the jury to weigh the evidence and pass upon the credibility of the witnesses, and they had the right to accept the testimony of the girl as true, and reject that of the witnesses introduced in behalf of appellant; and that they did accept her version of the matter, and believe him guilty, is shown by the verdict returned. As there was some evidence conducing to show the appellant's guilt, this court will not undertake to say that the verdict was unauthorized. Obviously, the punishment

inflicted is the mildest known to the law, and less than the appellant, if guilty, could have hoped to receive.

The court gave but two instructions. They presented all the law of the case, expressed with brevity and clearness that left no doubt of their meaning. The instructions asked by appellant were properly refused by the court; they do not present the law of the crime of rape as it is understood and held in this State, but are based upon the decisions of the courts of last resort of other States which still adhere to the rigid rules of the common law. Under our statute (section 1154, Ky. St., 1903) and the recent decisions of this court, physical force applied to the person of the female is not necessary to constitute the crime of rape. If the prosecutrix is made to yield through fear caused by threats of violence or injury, such means will constitute force within the meaning of the law. Clymer v. Commonwealth, 64 S. W., 409, 23 Ky. Law Rep., 1041; Brown v. Commonwealth, 102 Ky., 227, 19 R., 1174, 43 S. W., 214.

While numerous errors were assigned by counsel for appellant, only two or three of them are relied on in argument. Their chief contention is that the verdict of the jury is not supported by the evidence. We have already disposed of this contention, but the further point made in connection therewith by counsel for appellant, that the testimony of the prosecutrix lacks corroboration, is not in our opinion sustained by the evidence. The fact that appellant had intercourse with her is admitted by him. The further facts that he at once left the neighborhood and his then residence, and kept out of the hands of the officers of the law for three weeks; that she was in distress early the following day, and then complained of the outrage upon her, and at once set the police upon his track; and the evidence furnished by the appearance of the grass where he concealed himself by

the fence, awaiting the departure of her visitor that he might accomplish his purpose—manifestly afforded some corroboration of her story, and were doubtless given some weight by the jury.

Another alleged error complained of is that the assistant Commonwealth's attorney was permitted to ask many leading questions of the prosecutrix, and was aided by questions put by the court. It is true that some leading questions were asked the prosecutrix by counsel and the court, but they were made necessary by the evident embarrassment and consequent reluctance of the witness to relate the facts. The indecent character of the transaction about which she was required to testify in the presence of the jury and surrounding audience of curious people was well calculated to confuse a young and inexperienced girl. Under the circumstances, we think the course pursued by the court and counsel in getting from the prosecutrix the facts of the outrage complained of was necessary and altogether proper.

Yet another complaint made by appellant is that the trial judge made certain alleged improper remarks to the jury, during their deliberations, in attempting to impress upon them the importance of reaching a verdict. It is not shown by the bill of exceptions that the alleged improper remarks of the judge were excepted to at the time they were made, and as this error, if any, was complained of for the first time on the motion and in the grounds for a new trial, we are not at liberty to consider it.

Finding the record free of reversible error, the judgment is affirmed.