Thompson v. Commonwealth.

---

CASE 57.—PROSECUTION AGAINST JAMES M. THOMPSON
FOR MALICIOUS ASSAULT.—March 29.

## Thompson v. Commonwealth

122  501
133   18

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Defendant convicted and appeals.   Affirmed.

1. New Trials—Newly Discovered Evidence—Cumulative—Newly discovered evidence which is merely cumulative is not sufficient to authorize a new trial.

2. Instructions—Grounds for New Trial—Errors not Mentioned Therein—Errors in the instructions given in a criminal case can not be considered on an appeal unless mentioned in the motion and grounds for a new trial.

3. Same—Under the Code provisions and various decisions relating thereto, the rule may be deduced that with the exception of errors committed in the admission or rejection of evidence, to which proper objection and exception must be made and taken at the time, and appear in the bill of exceptions, it is necessary to point out in a motion for a new

trial all errors committed during the progress of the trial upon which it is intended to rely in this court or they can not be considered on appeal, nor will this court, except in the matter of instructions, consider errors that appear for the first time in the motion for a new trial.

(No brief in record for appellee).

HENRY C. HAZLEWOOD for appellant.

SAM C. HARDIN, W. L. BROWN, of counsel.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The Court of Appeals will consider an error clearly shown by the record, although not mentioned in the bill of exceptions. (Harper v. Harper, 10 Bush, 447; McAllister v. Conn. Mutual Life Insurance Co., 78 Ky. 533; Wallace v. Maxwell, 24 Ky. 447).

2. The first instruction is erroneous. tI does not give the law of striking and wounding in sudden affray or in sudden heat of passion without previous malice, correctly, although it attempts so to do.

2. The first instruction is erroneous because it requires the jury to believe that the defendant believed that both he and the witness Brown were in danger of death or great bodily harm at the hands of the witness Sparks.

4. The third instruction is erroneous, because of the improper use of the phrase "according to the proof," therein.

5. The fourth instruction is erroneous, because it required the jury to believe that the defendant both believed and had reasonable grounds for believing, that he and the witness Brown were in danger of death or great bodily injury at the hands of the witness Sparks.

6. The newly discovered evidence is material, and a new trial ought to have been given the defendant.

OPINION OF THE COURT BY JOHN D. CARROLL, Commissioner—Affirming.

James M. Thompson was indicted for willfully and maliciously striking and wounding James Sparks with a poker. The evidence in the case discloses that Sparks was the attorney for plaintiff,

Thompson v. Commonwealth.

engaged in the trial of a case against the Standard
Oil Company, of which company the appellant was
manager. During the progress of the trial Sparks
and W. L. Brown, attorney for the coal company,
engaged in a heated controversy about the admission
of evidence; Brown contending that he had a right
to ask a certain question because Sparks had brought
it out in his previous examination of the witness.
Appellant says that, when he told Sparks that he had
brought out the testimony, Sparks called him a
"damned liar," and raised up from a chair with a
knife in his hands, and then he struck him with a
poker because he believed Sparks was going to cut
him with the knife. Sparks testifies that if he had
a knife in his hand it was only a small finger nail
knife, and that he did not apply to appellant any
offensive epithet, and that appellant struck him with-
out provocation. The jury found the appellant
guilty of striking in sudden heat and passion, and
fixed his punishment at a fine of $150.

He complains that error was committed in failing
to grant him a new trial on the ground of newly
discovered evidence. An inspection of the affidavits
in support of this ground disclose the fact that the
newly discovered evidence was merely cumulative.
It did not present any new question and only tended
to support other evidence introduced on the trial;
and, as has been frequently held by this court, newly
discovered evidence which is merely cumulative is
not suffifficient to authorize a new trial. Lewis v.
Commonwealth, 93 Ky. 238; 14 Ky. Law Rep. 212;
19 S. W. 664; Curry v. Commonwealth, 74 S. W.
1077, 25 Ky. Law Rep. 281.

It is also insisted that error was committed in the
instructions given to the jury, but in our opinion

they fairly presented the law applicable to the case, and were not prejudicial to the substantial rights of the accused; but if error had been committed in this respect it could not be considered on this appeal, because not mentioned in the motion and grounds for a new trial. Section 271 of the Criminal Code of Practice provides that "the court in which the trial is had upon an issue of fact may grant a new trial if a verdict be rendered against the defendant by which his substantial rights have been prejudiced upon his motion in the following cases: * * *" —the fourth ground being: "If the court have misinstructed or refused properly to instruct the jury." Section 341 provides that "a judgment shall not be reversed for an error of the court in instructing or refusing to instruct the jury unless the bill of exceptions contain all the instructions given by the court to the jury and unless it shall thereon appear that the law applicable to the case was not correctly and fairly given to the jury." And section 340 declares that "a judgment of conviction shall be reversed for any error of law appearing on the record when upon consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced thereby." Section 280 provides that "upon the trial of criminal or penal prosecutions, either party may except to any decision of the court by which the substantial rights of such party are prejudiced, subject to the restrictions in the next section." And section 282 provides "the exception shall be shown upon the record, by a bill of exceptions, prepared, settled, and signed, as provided in the Code of Practice in civil cases. Under these provisions of the Code, it was held in Buckles v. Commonwealth, 113 Ky. 795, 68 S. W. 1084, 24

Ky.. Law Rep. 571, not to be necessary to make or save objection in the bill of exceptions to the action of the court in giving or refusing to give instructions. The opinion of the court in that case is based upon the proposition that it is the duty of the court as adjudged in a number of cases to give to the jury the whole law of the case, whether requested to do so or not, and therefore it would be idle to object or except to the action of the court in doing that which it was obliged to do whether requested or not.

But it has never been held not necessary to mention in the motion and grounds for a new trial error of the court in giving or refusing instructions. On the contrary, one of the grounds specified in the Code upon which a new trial may be granted is error of the court in misinstructing or properly refusing to instruct the jury, and in Nicely v. Commonwealth, 58 S. W. 995, 22 Ky. Law Rep. 900, Partin v. Commonwealth, 31 S. W. 874, 17 Ky. Law Rep. 499, and Adams v. Commonwealth, 2 Ky. Law Rep. 388, the court refused to consider alleged error in respect to instructions because the error was not mentioned in the motion and grounds for a new trial. In Hopkins v. Commonwealth, 3 Bush, 480, Withers v. Commonwealth, 36 S. W. 14, 18 Ky. Law Rep. 285, Baker v. Commonwealth, 106 Ky. 212, 47 S. W. 864, 20 Ky. Law Rep. 879, and Johnson v. Commonwealth, 9 Bush, 224, the court announced the rule that the Code required all the grounds relied on for a new trial that are mentioned in section 271 of the Criminal Code of Practice to be pointed out in the motion for a new trial, and therefore no ground not stated in the motion would be considered on appeal. The only exception to this rule is found in Johnson v. Commonwealth, 9 Bush, 224; Turnbull v. Common-

wealth, 79 Ky. 495, 3 Ky. Law Rep. 794, in which it was held not necessary to specify in the motion and grounds for a new trial errors in the admission or rejection of evidence because error in this respect is not mentioned in the Code as one of the grounds for a new trial, although it is indispensable to a review of errors in the admission or rejection of evidence that the bill of exceptions shall show the error, and that the party complaining saved proper objection and exception to it at the time. Bransom v. Commonwealth, 92 Ky. 330, 13 Ky. Law Rep. 614, 17 S. W. 1019; Sapp v. Commonwealth, 48 S. W. 984, 20 Ky Law Rep. 1126. The purpose of the Code in requiring exceptions to be taken during the trial and at the time the error occurs and to be exhibited in the bill of exceptions is thus stated in Buckles v. Commonwealth, 113 Ky. 795, 68 S. W. 1084, 24 Ky. Law Rep. 571: ''We know that in the hurry and distraction of courtroom practice errors must occur, and therefrom arises the policy of the rule that the trial court's attention must be called to the proceeding which is objected to and to the ruling upon which a reversal is to be sought, in order that a fair trial of the accused person may be had as speedily as possible and the ends of justice obtained by means which human experience shows best adapted to the purpose.'' And the same reasons would seem to require a compliance with the Code provisions declaring that in a motion and grounds for a new trial the errors committed in the progress of the trial shall again be pointed out in such plain and intelligible language as to enable the court by the exercise of proper attention to understand what errors are complained of, so that the trial judge

may have an opportunity after the trial has concluded and the excitement and confusion incident to its progress has closed to calmly and carefully review the proceedings and remedy so far as lies in his power any error committed.

From these Code provisions and the various decisions relating thereto, the rule may be deduced that with the exception of errors committed in the admission or rejection of evidence to which proper objection and exception must be made and taken at the time and appear in the bill of exceptions it is necessary to point out in a motion for a new trial all errors committed during the progress of the trial upon which it is intended to rely in this court, or they cannot be considered on appeal, nor will this court, except in the matter of instructions, consider errors that appear for the first time in a motion for a new trial—Kennedy v. Commonwealth, 14 Bush, 340; Vinegar v. Commonwealth, 104 Ky. 106, 46 S. W. 510, 20 Ky. Law Rep. 412; Johnson v. Commonwealth, 55 S. W. 437, 21 Ky. Law Rep. 1421; Fuqua v. Commonwealth, 73 S. W. 782, 24 Ky. Law Rep. 2204; Howard v. Commonwealth, 114 Ky. 372, 67 S. W. 1003, 24 Ky. Law Rep. 91; Smith v. Commonwealth, 119 Ky. 280, 83 S. W. 647, 26 Ky. Law Rep. 1229. The errors except as to instructions must be presented in a bill of exceptions prepared as provided in section 282 of the Criminal Code of Practice, and when the errors are thus shown in the bill of exceptions properly objected and excepted to, they must, except as to error in the admission or rejection of evidence, also be pointed out and relied on in the motion and grounds for a new trial.

There being no prejudicial error in the record, the judgment of the lower court is affirmed.