## Duckwall v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—No Complaint on Appeal can be Made of Evidence Admitted Without Objection.—It cannot be objected for first time on appeal, in prosecution for unlawful possession of intoxicating liquors, that court erred in admitting evidence of presence of moonshine still, as tending to show guilt of another crime.

2. Criminal Law—Affirmative Showing of Facts as to Reasonable Diligence to Obtain Evidence Necessary to Obtain New Trial.—To justify new trial for newly discovered evidence, it should affirmatively appear from affidavit that accused used due diligence to obtain evidence at time of trial, and it is not suffcient to merely allege that such diligence was exercised; but accused must allege facts from which court may determine whether such diligence was exercised.

ROSCOE CONKLING and J. J. McTIGHE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of the unlawful possession of intoxicating liquors.

The evidence is as follows: About 4 a. m. September 25, 1923, a search was made of appellant's premises. No liquor was found in his dwelling house, but on the second floor of the two-story garage located on the rear of the lot the officers found a fifty gallon still in operation, nineteen barrels of moonshine, one pint of moonshine whiskey and certain paraphernalia used in manufacturing whiskey. The still itself was warm and steaming. On the first floor of the garage there were several ten-gallon kegs. One of the officers testified that appellant's reputation among his neighbors was that of a bootlegger and whiskey runner. According to appellant he occupied only the lower east side of the garage and the balance of the building was rented to one, Fred Adams. In support of this defense he offered receipts for the rent purporting to have been signed by his wife in favor of Fred Adams, and another witness testified that he was present on one occasion and saw Fred Adams pay Mrs. Duckwall $12.00 and take a receipt therefor. Appellant also claimed that he had been absent from the premises for about three weeks before the search.

It is first insisted that the court erred in admitting evidence of the presence of the moonshine still, as this evidence tended to show that he was guilty of another crime. We need go no further than to say that the evidence was admitted without objection, and the error, if any, is not therefore available on appeal. Thomas v. Commonwealth, 146 Ky. 793, 143 S. W. 409.

The principal contention of appellant is that the court erred in refusing him a new trial on the ground of newly discovered evidence. His affidavit in support of the motion was to the effect that certain witnesses would testify that they had seen Fred Adams in the yard going to and from the garage, and that the garage was not used by appellant, but was used by the man to whom the garage was rented.

The motion for a new trial was further supported by an additional affidavit to the effect that upon appellant's arrest he was charged with two offenses, unlawful possession of intoxicating liquors and possession of a still, and that upon his trial for possessing a still, the newly dis-

covered witnesses testified and he was acquitted of the offense. To justify the granting of a new trial for newly discovered evidence, it should affirmatively appear from the affidavit that the accused used reasonable diligence to obtain the evidence at the time of the trial, and to this end it is not sufficient merely to allege that such diligence was exercised, but the accused should go further and allege facts from which the court may determine whether such diligence was exercised. Mullins v. Com., 185 Ky. 326, 215 S. W. 56; Bell v. Com., 202 Ky. 163, — S. W. —.

The affidavit in this case merely alleged that the evidence relied on had been discovered since the trial, and this was not a sufficient showing of diligence.

Judgment affirmed.