## Haywood v. Commonwealth.

(Decided October 14, 1927.)

### Appeal from Carter Circuit Court.

1. Criminal Law.—Where the defendant gave notice that on a certain day he would file a petition and a motion for a change of venue under Ky. Stats., section 1110, but upon such day he did not file them, the commonwealth's attorney was entitled to a new notice before such petition could be filed at a later date; the original failure to file making the situation the same as if no notice had been given.

2. Criminal Law.—Where there was no valid notice to the commonwealth's attorney that the defendant in a homicide trial would, on a certain date, file a petition and motion for a change of venue, the court's refusal to permit a petition for change of venue to be filed was proper; the commonwealth's attorney not having waived notice.

3. Criminal Law.—Where the defendant in a homicide trial asked for a continuance on the ground of the absence of a witness, the court's refusal to grant such continuance was proper, where that part of the affidavit supporting the motion for continuance which contained a statement of what the absent witness would testify to if he were present was read to the jury.

4. Criminal Law.—Where the defendant in a homicide trial moved for a continuance on the ground that his counsel needed more time to prepare his defense, overruling of such motion held proper, in the absence of any showing that would indicate the defendant's attorneys could be better prepared for trial if continuance were granted.

5. Homicide.—Evidence that, in the presence of the defendant, one of his companions took money from the person of another after the homicide, the purpose of which evidence was to show defendant's attempt to cast suspicion upon another, held admissible.

6. Criminal Law.—Refusal to permit to be read to jury so much of defendant's affidavit in support of his motion for continuance as set out what an absent witness would testify to relative to defendant's alleged efforts to obtain evidence in liquor cases held proper, where such evidence had no bearing on the issues.

7. Criminal Law.—A defendant in a homicide trial cannot complain of an improper instruction having been given, where he was not convicted under it.

8. Homicide.—Where physical facts indicated that defendant had shot directly at an automobile, killing an occupant thereof, an instruction on a manslaughter charge based upon the possibility of defendant's having shot at the tires or other parts of the automobile, not intending to kill the occupant, held not prejudicial, since more favorable to defendant than facts authorized.

9. Criminal Law.—Where, in a homicide trial, the commonwealth's attorney, in his closing argument to the jury, stated that the people were demanding that the jury convict the defendant, held that such was legitimate argument since it in effect amounted to saying that the people demanded convictions in such cases where the evidence clearly indicated guilt.

10. Homicide.—Where defendant shot at automobile at night, killing an occupant thereof, his conviction for voluntary manslaughter held not flagrantly against the evidence.

BEN F. THOMPSON and CARLTON COUNTS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, W. D. Haywood, was indicted in the Carter circuit court charged with the murder of Martha Yarhouse, and on his trial was convicted of voluntary manslaghter, and his punishment fixed at confinement in the penitentiary for a period of 17 years.

On the evening of July 25, 1926, appellant, who was a constable, Gould Hall, a deputy constable, and a number of others, employed John Gee, the owner of an automobile truck, to drive them from Olive Hill to Carter Caves, where they intended to spend Saturday night and Sunday. They left Olive Hill shortly after midnight, and, after proceeding about one mile, stopped at a gasoline filling station. They had procured a supply of moonshine whiskey, and appellant admits that he had taken two drinks of the liquor before they stopped at the filling station. While they were at the filling station, an automobile was heard approaching from the east, and some member of the party remarked that it was speeding. The appellant got out of the truck, stepped out into the road, held up his hands, and called to the driver of the automobile to stop. The automobile passed him, and, after it had proceeded about 100 feet he drew his pistol and fired.

The automobile stopped immediately, and an investigation disclosed that the bullet fired by appellant had passed through the head of Martha Yarhouse, one of the occupants of the automobile, killing her instantly. David Thomas, the driver of the automobile, and Miss Yarhouse had left Portsmouth, Ohio, about 10 o'clock Saturday night, intending to go to Morehead, Ky., where Miss Yarhouse expected to visit some friends. When it was discovered that Miss Yarhouse was dead, the appellant and others in the crowd held a conference with the evident purpose of determining what course of action should be followed under the circumstances. As a result of this conference, David Thomas was placed under arrest by the deputy constable, Gould Hall; the obvious purpose being to place the blame upon him and to divert suspicion from the appellant. Thomas was taken to Olive Hill, but the charge against him was dismissed the following morning.

An indictment was returned against appellant on August 10, 1926, and on the same day the case was set for trial on August 20. After the indictment was returned, he caused notice to be served on the commonwealth's attorney that on August 20, the day the case was set for trial, he would file a petition and motion for a change of venue. The case was called for trial on the date set, and the commonwealth answered ready, but the appellant answered not ready, and filed a motion for a continuance, and in support thereof filed his affidavit setting forth the names of certain witnesses and what they would testify to if present, and that his counsel had not had sufficient time to enable him to properly prepare for trial. The court overruled the motion for continuance, but passed the case to the 24th day of August. At the request of appellant, the court appointed an attorney to represent him and to assist counsel that had been employed. Appellant failed to file his petition and motion for a change of venue on the date named in the notice. On August 24, when the case was again called for trial, appellant again answered not ready, and renewed his motion for a continuance and filed his affidavit, which was, in substance, the same as the one that had been filed theretofore. The court overruled the motion for a continuance, and appellant then offered to file his petition for a change of venue. The court refused to permit it to be filed, and appellant insists that this was error.

Section 1110 of the Kentucky Statutes provides that the application for a change of venue must be made and determined upon in open court, during a regular or called term, and the court shall hear all the witnesses that may be produced by either party, and from the evidence determine whether or not the applicant is entitled to a change of venue. In Sullivan v. Commonwealth, 169 Ky. 797, 185 S. W. 134, it was held to be essential that the commonwealth, should it desire to contest the application, have an opportunity to procure and have present its witnesses to rebut the statements contained in the petition and affidavits, and that it should not be required to have the witnesses ready at any time the defendant sees fit to make the application, and that it should know in advance when the application is to be made, and should be required to prepare for a hearing on that occasion only.

Having failed to file his petition and motion on the date set out in his notice to the commonwealth's attorney, the latter was authorized in assuming that appellant had abandoned his purpose to ask for a change of venue, and, if appellant intended to file his petition on a date after that set out in his original notice, the commonwealth was entitled to a new notice in order that it might have an opportunity to have present its witnesses to rebut the statements contained in the petition and affidavits. When the appellant failed to file his petition and motion on the date set out in his notice, the situation was as though no notice had been given, and, no notice having been served on the commonwealth's attorney that a petition for a change of venue would be filed on August 24, 1926, and the notice not having been waived by the commonwealth's attorney, the court did not err in refusing to permit the petition to be filed.

Likewise the court did not err in overruling appellant's motion for a continuance, since so much of his affidavit in support of the motion for a continuance as recited what absent witnesses would state if present was read to the jury. When the case was first called for trial, appellant was represented by counsel, but at his request the court appointed another attorney to assist the one that had been employed by him, and a postponement of the trial for four days was granted to further enable them to prepare for trial. Practically all of the witnesses who were present at the time of the homicide testified during the trial, and no showing is made that would indicate ap-

pellant's attorneys could have been better prepared for trial had a continuance been granted.

Some complaint is made of the admission of evidence; the principal one being that the court erred in permitting Thomas to testify that the deputy constable, Hall, when he arrested the witness, took some money from his person. Appellant was present when this was done, and it was explained that this money was taken from Thomas to be turned over to the court. It was competent to show what appellant and his deputy, Hall, did after the shooting and particularly in reference to their apparent effort to cast the blame upon Thomas, and exonerate appellant.

The court refused to permit to be read to the jury so much of the affidavit of appellant, filed in support of his motion for a continuance, as set out what the absent witness, J. P. Saulsberry, would testify if present. This was relative to appellant's alleged efforts on an occasion prior to the date of the homicide to obtain evidence against liquor violators. The evidence had no bearing upon any issue in this case, and was not competent, and was therefore properly excluded.

Appellant also complains of the instructions. Instruction No. 1 was the customary instruction on murder, and was proper, but, were it otherwise, the defendant cannot complain, as he was not convicted under it. Holcomb v. Commonwealth, 207 Ky. 372, 269 S. W. 349. Appellant's chief complaint is of instruction No. 2, which, in substance, told the jury that, if they believed that defendant willfully and recklessly shot his pistol at the automobile in which Miss Yarhouse was riding, not intending to kill her, but to strike the tires or other parts of the automobile, when he knew or had reason to know that to so shoot would endanger her life, and he thus without malice aforethought killed her, he should be found guilty of voluntary manslaughter. It is insisted that there was no evidence tending to show that appellant shot at the tires or other parts of the automobile, but, apart from a statement made by appellant which could be so construed, the physical facts indicate that he shot directly at the automobile. Under this instruction the jury had to believe that appellant shot at the automobile before they could convict him, and it was more favorable to him than the facts authorized. Instruction No. 3 was a correct instruction on involuntary manslaughter, and the instruc-

tions when read together properly presented the issues to the jury.

In his closing argument to the jury, the commonwealth's attorney said:

> "The people of Grayson, the people of Olive Hill, and the people of the state of Kentucky are demanding that you convict this man."

An objection to the statement was overruled, and appellant insists that this is reversible error. The statement in effect amounted to saying that the people demanded convictions in such cases where the evidence clearly indicated guilt and was a legitimate argument. The jury could not have been misled by the statement complained of.

It is finally urged that the verdict is flagrantly against the evidence. Seldom has our attention been directed to an instance of more reckless disregard of human life. Appellant's act was inexcusable, and the jury would not have been justified in inflicting a lesser punishment under the evidence.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.