## Jones v. Commonwealth.

(Decided April 24, 1931.)

454

POLK SOUTH, JR. for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the crime of voluntary manslaughter and sentenced to serve three years in the penitentiary. He appeals.

As grounds for reversal, he insists that the lower court erred in refusing a continuance asked; in admitting certain testimony over his objection; and in refusing to grant him a new trial because of newly discovered evidence. The homicide out of which this prosecution arises occurred about the 1st of September, 1930. The witnesses say it happened on Sunday, but do not give the date. The indictment says it occurred on the 4th

day of September, but that was not Sunday. At all events, appellant was indicted on September 9th following and tried on the 22d. The record recites that, when his case was called for trial, the appellant announced that he was not ready, and moved the court for a continuance upon the ground of the absence of two important witnesses, George Thomas and John Neal. In support of his motion for a continuance, the appellant filed his affidavit setting out what these witnesses would state were they present and testifying. The order of the court reads that the motion for a continuance was overruled, but by agreement of the parties the affidavit of the appellant was allowed to be read as the evidence of the absent witnesses subject to competency and relevancy. Despite this order of the court as above set out, we find in the bill of exceptions the statement that the commonwealth would not agree that the appellant's affidavit should be read as the evidence of the absent witnesses, but did agree that the testimony of George Thomas given on the examining trial might be read as his evidence. We find no objection or exception in the record to this, and so far as the bill of exceptions shows, the testimony of George Thomas given in the examining trial was read by the appellant without objection on his part or any claim that he was forced to do so by the court. But, be that as it may, the record fails to show any diligence whatever on the part of the appellant to procure the attendance of the two absent witnesses. His affidavit states that he had caused a subpœna to be issued for the witnesses and placed in the hands of the sheriff of Jefferson county, but he does not say when he issued this subpœna or when he placed it in the hands of the sheriff of Jefferson county, in which the city of Louisville containing over 300,000 people is located, or that he gave the sheriff any address or directions where he might find these absent witnesses. In the absence of a showing of some diligence on the part of the appellant to procure the attendance of the absent witnesses, the trial court did not err in overruling his motion for a continuance. Hall v. Commonwealth, 196 Ky. 167, 244 S. W. 425; Garrison v. Commonwealth, 169 Ky. 188, 183 S. W. 473.

It follows that any offer that the commonwealth made to him about reading of Thomas' testimony on the examining trial was a concession of which appellant could avail himself or not as he chose. He did, without objection, take advantage of the offer, and he cannot

now complain that he did. Further, so far as the absent witness John Neal is concerned, all that he would have testified had he been present, according to appellant's affidavit, was that the deceased was a violent person, and all the witnesses, both for the commonwealth and appellant, stated that this was so. Some claim is made that the court should have granted the continuance asked in order that appellant's counsel could have opportunity to prepare the case for trial. We do not find anywhere in the record, except in the bill of exceptions, that any such request was made. But counsel had had practically two weeks within which to prepare the case, and, whilst they were no doubt busy due to the September term of court then being in session, there is no showing by affidavit to that effect. But even if they were busy, there is no showing that would indicate that appellant's trial counsel (his present counsel not having been his trial lawyers) could have been better prepared for trial had a continuance been granted. Practically all the witnesses who were present at the time of the homicide testified. We can find no material difference between this case and that of Haywood v. Commonwealth, 221 Ky. 378, 298 S. W. 985, where we said the failure to grant a continuance asked on the ground here asserted was not an abuse of discretion on the part of the trial court warranting a reversal of the judgment. There is no merit in the first ground for a reversal.

Coming to the second ground, we find that the Commonwealth was permitted to prove that the deceased had said in a dying declaration that the appellant had killed him for nothing. This evidence was incompetent. Philpot v. Commonwealth, 195 Ky. 555, 242 S. W. 839, 25 A. L. R. 1367. It appears that at the time this evidence was introduced it was objected to by the appellant, and that there was a running controversy between the appellant's counsel and the commonwealth's attorney as to its introduction. The court consistently overruled the objections of the appellant, but only in one place do we find that the appellant reserved any exception. Conceding that the reservation of this one exception preserved the appellant's rights, we are yet met with the proposition as to whether or not appellant on this appeal may rely as a ground for reversal upon the admission of this incompetent evidence when he failed to incorporate such claimed error in his grounds in support of his

motion for a new trial filed in the lower court. In the case of Johnson v. Commonwealth, 9 Bush, 224, it was held that, as section 267 of the then Criminal Code of Practice, now section 271 of the present Criminal Code of Practice, did not in specific terms provide that an error in the admission or rejection of testimony was a ground for a new trial, it was unnecessary to set up such error in the motion and grounds for a new trial in order for it to be available on appeal. The court, however, said that, if the lower court's attention were called to such error, it should grant a new trial because of it. In the case of Turnbull v. Commonwealth, 79 Ky. 495, in a very short opinion, the rule of the Johnson Case concerning the necessity of the error as to the reception and rejection of testimony appearing in the motion and grounds for a new trial for it to be available on appeal was followed without discussion of the principle involved.

Jumping for the present from the year 1881, the date of the Turnbull Case, to the year 1913, we come to the case of L. & N. R. Co. v. Commonwealth, 154 Ky. 293, 157 S. W. 369. In this case the railroad was indicted for a failure to block a frog of its railroad track, as the statute required. On its trial certain evidence was admitted against it which the railroad claimed to be incompetent, and it relied upon its erroneous admission as a ground for reversal of the judgment. In passing on the question, this court said:

> "It would be a sufficient answer . . . to point out the fact that this alleged error was not made a ground for a new trial, and cannot therefore be considered upon appeal. It is a well-settled rule of this court that no error committed during the trial is available upon appeal, unless it has been specifically relied upon in the grounds for a new trial."

The only authorities cited in support of that proposition were those in civil cases. The court did not refer to the Johnson or Turnbull Cases or others that we shall presently mention. Which is the rule which must now govern the question presented in this case—that of the Johnson and Turnbull Cases or that of the L. & N. R. Co. Case? There is singularly little real authority in this state cited to or found by us supporting either rule. The conventional statement of the rule is that found in

Arnold v. Commonwealth, 194 Ky. 421, 240 S. W. 87, 89, where the court said:

"It is also a general rule that it is necessary to set out in the grounds for a new trial all the errors made during the trial upon which a party intends to rely upon appeal; otherwise they cannot be considered. An exception to the latter rule are errors made in rulings upon the admission and rejection of evidence, but such rulings must be objected to at the time and exceptions saved, and the errors made and objections and exceptions saved must appear in a bill of exceptions."

But that case did not present any question of an error in the admission or rejection of testimony. It was a case involving prejudicial remarks by the commonwealth's attorney and a separation of the jury. In the Arnold case a number of authorities are cited to support the rule as therein stated. Considering them in their historical order, we find that the case of Vinegar v. Commonwealth, 104 Ky. 106, 46 S. W. 510, 20 Ky. Law Rep. 412, did not involve the question of admission or rejection of testimony, but only the matter of a separation of the jury. Buckles v. Commonwealth, 113 Ky. 795, 68 S. W. 1084, 24 Ky. Law Rep. 571, involved only whether or not exceptions had to be reserved to the failure of the court to give the whole law of the case in its instructions. Howard v. Commonwealth, 114 Ky. 372, 70 S. W. 1055, 24 Ky. Law Rep. 1225, involved the question of instructions. Smith v. Commonwealth, 119 Ky. 280, 83 S. W. 647, 26 Ky. Law Rep. 1229, involved alleged prejudicial remarks of a judge. Thompson v. Commonwealth, 122 Ky. 501, 91 S. W. 701, 703, 28 Ky. Law Rep. 1137, enlarged on the Buckles Case by holding that although exceptions need not be reserved to the instructions given by the court, the error in them as given or the failure to give the whole law of the case to be available on appeal must be set out in the motion and grounds for a new trial. In that case Judge Carroll, writing for the court, said, after examining the authorities and the Code:

"From these Code provisions and the various decisions relating thereto, the rule may be deduced that with the exception of errors committed in the admission or rejection of evidence to which proper objection and exception must be made and taken at

the time and appear in the bill of exceptions it is necessary to point out in a motion for a new trial all errors committed during the progress of the trial upon which it is intended to rely in this court, or they cannot be considered on appeal.''

It will be noted that Judge Carroll gave the conventional statement of the rule without discussing why the admission and rejection of testimony should be an exception to the general rule. Indeed, it was not involved in that case.

In Hendrickson v. Commonwealth, 147 Ky. 298, 143 S. W. 993, prejudicial remarks by the commonwealth's attorney were involved. It does not appear whether the incompetent evidence had been relied upon in the lower court or not as a ground for a new trial. In Finney v. Commonwealth, 190 Ky. 536, 227 S. W. 999, the rule as stated in the Thompson case is quoted, but the error in the admission and rejection of testimony had been relied upon as a ground for a new trial in the lower court. Such is the state of the authorities. To summarize, the only real holdings that error in the admission or rejection of testimony is available on appeal, although not relied upon as a ground for a new trial in the lower court, are the early cases of Johnson and Turnbull. The only real authority to the contrary is the L. & N. R. Co. Case, decided in 1913.

In this state of the authorities, we are convinced that at least since the amendment of 1910 (chapter 92) to section 281 of the Criminal Code of Practice, the effect of which now permits us to pass upon the rulings of the trial court in passing on a motion for a new trial in a criminal case, the rule of the L. & N. R. Co. Case, is the better one and the one to be followed. The true theory of appellate practice requires that the trial court should be first given opportunity to correct any errors it has committed during the course of a trial before the party should avail himself of his right of appeal. Indeed, as above stated, this rule is universal in both criminal and civil cases; the only exception that ever appeared being that as to error in the admission and rejection of testimony, and it is very difficult to understand why that error should stand on any different basis from any other error. Appellate courts are now fully burdened with cases, and they should not be further burdened until every effort has been made in the lower court to correct

errors without avail. In the hurry of a trial of a lawsuit, it is hardly to be expected that a trial judge will always be 100 per cent. correct in his rulings on the admission and rejection of testimony. Most of the errors of a trial judge in this connection are, as a rule, nonprejudicial, but now and then his error does rise to the dignity of a prejudicial one. When time is given for study, investigation, and reflection, the trial judge will often readily see his error, and, when he becomes so convinced, of course he will correct it by granting a new trial. By thus calling the trial court's attention to the error and giving it an opportunity to correct it, the time of the litigants in bringing a case to this court and getting it reversed and the expense to the litigants involved in that procedure will be saved. The rule requiring errors occurring during the trial to be brought to the attention of the trial court before they can be made available on appeal is not only fair to the litigants but also to the trial court and this court. We are convinced that there is now no good ground for the exception to the general rule, and that the rule laid down in the Johnson and Turnbull Cases is not the proper rule, and that the rule of the L. & N. R. Co. v. Commonwealth Case is the proper one and the one to be followed. It follows that, as the appellant did not make the error in the admission and rejection of testimony a ground in support of his motion for a new trial in the lower court, it cannot be considered on appeal.

Lastly, it is contended that the court erred in refusing to grant appellant a new trial for newly discovered evidence. The affidavit which he filed in support of this ground in his motion for a new trial reads: ''The affiant, Elmer Jones, says that he has discovered important evidence in his favor since the verdict against him was rendered herein, which evidence he could not by the exercise of reasonable diligence, have known of the existence of the said evidence until after the trial had concluded.'' This is all he has to say in his affidavit regarding his diligence in procuring this testimony prior to the trial.

In the case of Allen v. Commonwealth, 231 Ky. 463, 21 S. W. (2d) 800, 803, we said:

"But going back to the question of diligence. In the case of Duckwall v. Com., 204 Ky. 442, 264 S. W. 1062, and the case of Mullins v. Com., 185 Ky. 326, 215 S. W. 56, we find the principle correctly

stated that to justify the granting of a new trial on the ground of newly discovered evidence it must be made to affirmatively appear from the affidavit that the accused used reasonable diligence to obtain the evidence at the time of the trial. It is not sufficient, so it is held, for him to merely state that such diligence was exercised, but he must go further and state facts from which the court may determine whether such diligence was exercised.''

Under this rule, the affidavit of appellant was utterly insufficient to establish his diligence. Further, he filed no affidavit of any of his newly discovered witnesses, a matter essential to secure a new trial on the ground now asserted, as the Allen and many other cases therein cited so hold, except that of Florence Rice, and her testimony would, had it been given on trial, have simply impeached the testimony of one of the commonwealth's witnesses, who was amply corroborated by other witnesses for the commonwealth. This being true, the court did not err in refusing to grant a new trial because of her testimony. Gregory v. Commonwealth, 187 Ky. 188, 218 S. W. 999, Phillips v. Commonwealth, 227 Ky. 212, 12 S. W. (2d) 305.

For the reasons above stated, the judgment must be, and it is hereby, affirmed.

Whole court sitting.